JANE DRISCOLL v. UNITED STATES LIABILITY INSURANCE COMPANY

No. 8726SC1162

(Filed 21 June 1988)

**Insurance § 69.3— underinsured motorists coverage—covered person**

Summary judgment was properly granted for defendant in a declaratory judgment action to determine whether plaintiff was covered under an underinsured motorists provision of her daughter's policy with defendant. Neither N.C.G.S. § 20-279.1 nor the daughter's policy provided underinsured motorists coverage for plaintiff for injuries sustained while riding in a household-owned vehicle not named in the policy.

APPEAL by plaintiff from *Frank W. Snepp, Judge.* Order entered 21 September 1987 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 7 April 1988.

*James H. Carter for plaintiff-appellant.*

*Mark C. Kurdys for defendant-appellee.*

BECTON, Judge.

Plaintiff, Jane Driscoll, brought this declaratory judgment action to determine whether she was covered under the underinsured motorist provision of her daughter's insurance policy with defendant, United States Liability Insurance Company (USLIC). From the grant of defendant's motion for summary judgment, plaintiff appeals. We affirm.

I

The following facts are not in dispute. On 13 March 1986, Jane Driscoll was injured when the automobile in which she was traveling—a 1985 Dodge, owned and driven by her husband—was struck by James Devine's vehicle—a 1972 Plymouth automobile—after Devine's vehicle crossed the center line on the highway. James Devine's liability insurance coverage on his automobile was limited to $25,000 per claimant. Driscoll's damages exceeded that amount; however, she settled with Devine for the full amount of his coverage.

Driscoll, her husband, and their adult daughter, Marion Driscoll, shared the same household. Marion Driscoll owned a 1981 AMC Concord automobile which was insured by USLIC. Her

insurance policy contained underinsured motorist coverage limited to $100,000 per claimant.

## II

Driscoll's sole contention on appeal is that the trial judge erred by granting USLIC's motion for summary judgment. The trial judge determined, as a matter of law, that Driscoll's injuries were not covered under her daughter's policy.

Typically, automobile insurance flows with the named vehicle. However, by enacting N.C. Gen. Stat. Sec. 20-279.21(b)(3) (Cum. Supp. 1987), the legislature established a class of persons with whom coverage flowed, although the named vehicle was not involved in the accident. Subsection (b)(3) provides in pertinent part:

. . .

For purposes of this section "persons insured" means the named insured and, while resident of the same household, the spouse of any such named insured and relatives of either, while in a motor vehicle or otherwise. . . .

This Court first examined the extent of subsection (b)(3)'s coverage expansion in *Crowder v. N.C. Farm Bureau Mutual Ins. Co.*, 79 N.C. App. 551, 340 S.E. 2d 127, *disc. rev. denied*, 316 N.C. 731, 345 S.E. 2d 387 (1986). In *Crowder*, the plaintiff sought to recover damages under his father's uninsured/underinsured motorist policy. The plaintiff sustained the injuries while riding as a passenger in a friend's jeep when the jeep swerved off the road. This Court held that the plaintiff, who claimed coverage under a similarly worded policy, *was* insured against damages sustained in a non-owned vehicle. The plaintiff argued successfully that subsection (b)(3) mandated coverage for persons insured even when the insured vehicle was not involved in the insured's injuries. However, the Court expressly reserved the question "whether an insured operating or riding in an *owned* but underinsured vehicle would be covered by the underinsured motorist provision in an owner's policy issued on another vehicle owned by the insured." *Id.* at 555, 340 S.E. 2d at 130.

Driscoll argues that the instant case does not raise the issue left open in *Crowder* because, for purposes of interpreting the USLIC policy, the relevant underinsured motorist is James Devine (the driver who struck Driscoll) and the "covered person"

referred to in Marion's policy is Jane Driscoll. Consequently, she argues, the policy provides coverage for her accident, and ownership of the car she occupied is irrelevant. We disagree. In our view, the instant case presents the precise issue left open in *Crowder* because (1) Jane Driscoll seeks underinsured motorist coverage for injuries sustained while occupying a vehicle owned by a member of her household; (2) Marion Driscoll's policy does not expressly provide coverage for this situation; and (3) the policy, like the one in *Crowder*, is modeled after N.C. Gen. Stat. Sec. 20-279.21. Thus, we turn our attention to the question whether Section 20-279.21 and Marion Driscoll's insurance policy provide underinsured motorist coverage for a covered person for injuries sustained in a household-owned vehicle not named in the policy.

## III

"The avowed purpose of the Financial Responsibility Act, of which Sec. 279.21 is a part, is to compensate the innocent victims of financially irresponsible motorists." *American Tours v. Liberty Mutual Insurance Company*, 315 N.C. 341, 346, 338 S.E. 2d 92, 96 (1986). "When a statute is applicable to the terms of a policy of insurance, the provisions of that statute become part of the terms of the policy to the same extent as if they were written in it." *Id.* at 344, 338 S.E. 2d at 95.

The provisions of subsection (b)(3) and Marion Driscoll's policy are broad, and, at first glance, both seem to extend coverage to the insured and his family members while traveling in *any* vehicle. Like subsection (b)(3), Marion Driscoll's policy defines a "covered person" as the named insured or any "family member." A "family member" is defined further as a person related to the named insured by blood, marriage, or adoption who is a resident of the same household. To further complicate matters, the policy contains few provisions that relate specifically to underinsured motorist coverage. However, the policy's intent to limit such coverage becomes apparent when one examines the specific provisions regarding all coverages and exclusions in light of the relevant statutory provisions.

Section 20-279.21(b)(4) (Cum. Supp. 1987), which relates specifically to underinsured motorist coverage, provides that such coverage "[is] to be used only with policies that are written at limits

that exceed [the statutory minimum coverage] and that afford un-insured motorist coverage as provided by subdivision (3) . . ., in an amount equal to the policy limits for automobile bodily injury *liability* as specified in the owner's policy." (Emphasis added.) Historically underinsured motorist coverage and increased liability coverage are coterminous in North Carolina.[1] Consequently, subsection (b)(4) does not mandate underinsured motorist coverage in the absence of bodily injury liability coverage. In the instant case, Jane Driscoll would have no bodily injury liability coverage under her daughter's policy because the policy excludes medical payments coverage for damages sustained by a "family member" while occupying or struck by any vehicle (other than the insured's covered auto) owned by any "family member." Logically then, she should not receive underinsured motorist coverage.

General policy concerns support this result as well. As one insurance scholar notes, "[i]t is scarcely the purpose of any insurer to write a single UM [underinsured/uninsured motorist] coverage upon one of a number of vehicles owned by an insured, or by others in the household, and extend the benefits of such coverage gratis upon all other vehicles—any more than it would' write liability, collision or comprehensive coverages upon one such vehicle and indemnify for such losses as to any other vehicle involved. Nor would any reasonable person so expect." 8C J. Appleman, *Insurance Law and Practice*, Section 5078.15 at 179.

We, therefore, hold that neither section 20-279.21 nor Marion Driscoll's USLIC policy provide underinsured motorist coverage. for Jane Driscoll for injuries sustained while riding in a house-hold-owned vehicle not named in the policy.

Judgment is affirmed.

Judges JOHNSON and GREENE concur.

_____

1. The 1979 version and all amendments of the underinsured motorist insurance provisions have made underinsured motorist coverage available only when the policy-holder has purchased liability limits in excess of the statutory minimum, and only up to an amount equal to the liability limits. N.C. Session Laws 1979, Chapter 675; N.C. Session Laws 1983, Chapter 777; N.C. Session Laws 1985, Chapter 666, Section 74.