CLINTON DEVANE BASS, PLAINTIFF v. NORTH CAROLINA FARM BUREAU
MUTUAL INSURANCE COMPANY, DEFENDANT

No. 907SC130

(Filed 4 December 1990)

**Insurance § 69 (NCI3d) — underinsured motorist coverage — stacking
not allowed**

Summary judgment was correctly granted for defendant
insurance company in an action in which plaintiff had two
vehicles insured by defendant N. C. Farm Bureau; plaintiff
owned a motorcycle insured by a different insurance company;
plaintiff was injured while operating the motorcycle; plaintiff
obtained a jury verdict for damages against the driver of the
other vehicle; and plaintiff alleged that he was entitled to
recover from defendant based on the underinsured motorist
coverage provided in defendant's policy covering the other
two vehicles. The N. C. Farm Bureau policy specifically exclud-
ed other vehicles owned by plaintiff and not insured under
the policy issued by defendant and the policies were not
stackable.

**Am Jur 2d, Automobile Insurance § 329.**

**Combining or "stacking" uninsured motorist coverages pro-
vided in single policy applicable to different vehicles of in-
dividual insured. 23 ALR4th 12.**

Judge DUNCAN concurred in this opinion prior to 29
November 1990.

APPEAL by plaintiff from judgment entered 15 December 1989
by *Judge G. K. Butterfield* in WILSON County Superior Court.
Heard in the Court of Appeals 30 August 1990.

*Thomas and Farris, P.A., by Allen G. Thomas and Julie A.
Turner, for plaintiff appellant.*

*Poyner & Spruill, by George L. Simpson, III, for defendant
appellee.*

COZORT, Judge.

This case involves the stacking of underinsured motorist
coverages provided in automobile insurance policies. In this case

plaintiff asked the trial court to find the defendant insurance company liable to plaintiff for underinsured motorist coverage. Defendant issued a policy insuring two vehicles owned by plaintiff. The accident causing plaintiff's injuries occurred while plaintiff was operating a third vehicle he owned which was insured not by the defendant, but by a different insurance company. Defendant's policy contained the standard exclusion which excluded liability insurance coverage for any insured using any vehicle, other than a vehicle insured by the policy, owned by the named insured. The trial court granted summary judgment for defendant. We affirm. The facts follow.

Plaintiff was permanently injured on 27 July 1987 when a 1986 Honda motorcycle he was operating was involved in a collision with an automobile driven by Manuel Tyson. On that date, plaintiff had a policy of insurance with the defendant, North Carolina Farm Bureau Mutual Insurance Company, which insured a 1979 Dodge truck and a 1981 Ford automobile. Each vehicle was insured as follows: Bodily injury limits of $100,000 per person and $300,000 per accident; uninsured/underinsured bodily injury limits of $100,000 per person and $300,000 per accident. Plaintiff paid a separate premium to insure each vehicle for the uninsured/underinsured coverage.

On the date of the accident, plaintiff had a policy with State Farm Mutual Automobile Insurance Company which insured the Honda motorcycle for bodily injury limits of $25,000 per person and $50,000 per accident.

Plaintiff filed a civil action against Manuel Tyson and received a jury verdict for damages in the amount of $900,000. Tyson had minimum liability coverage on his automobile in the amount of $25,000. His insurance carrier paid $25,000 to the Clerk of Superior Court of Wilson County for the benefit of plaintiff pursuant to N.C. Gen. Stat. § 20-279.21(b)(4).

Plaintiff filed this action on 24 October 1989, alleging that he is entitled to recover from defendant based on the uninsured motorist (hereinafter UIM) coverage provided in the policy covering the Dodge truck and the Ford automobile. After defendant filed an answer, both parties moved for summary judgment. On 15 December 1989, the trial court granted defendant's motion for summary judgment. Plaintiff filed timely notice of appeal.

For the purposes of this appeal, the facts are not disputed. Coverage under the insurance policy is thus a question of law and an appropriate matter for summary judgment under N.C. Gen. Stat. § 1A-1, Rule 56.

Plaintiff contends on appeal that he is entitled to stack the coverages provided in his policy with the defendant and receive $175,000, computed as follows: $100,000 from the underinsured coverage on the Dodge plus $100,000 on the underinsured motorist coverage on the Ford, less the $25,000 paid to the plaintiff by Tyson's insurance company. We disagree.

Plaintiff relies principally on *Sutton v. Aetna Casualty and Surety Company*, 325 N.C. 259, 382 S.E.2d 759 (1989). In *Sutton*, plaintiff insured had two policies with the defendant insurance company. Policy A provided $50,000 per person UIM bodily injury coverage on two vehicles. Plaintiff paid a premium for the UIM coverage for each vehicle. *Id.* at 261, 382 S.E.2d at 761. Policy B provided $100,000 per person UIM bodily injury coverage on each of two additional vehicles. Plaintiff also paid a separate premium for the UIM coverage for each vehicle under Policy B. *Id.* Plaintiff was allowed to stack, or aggregate, UIM coverages for each vehicle in both policies. The Supreme Court held that plaintiff was entitled to a total UIM coverage of $300,000 under her policy with Aetna. *Id.* at 269, 382 S.E.2d at 765.

We do not find *Sutton* controlling in this case. Rather, the situation in this case is most analogous to *Smith v. Nationwide Mut. Ins. Co.*, 97 N.C. App. 363, 388 S.E.2d 624 (1990), a case decided by this Court less than six months after the Supreme Court handed down its decision in *Sutton*. In *Smith*, the plaintiff, Michael A. Smith, purchased two automobile insurance policies from defendant Nationwide. Policy A covered a Toyota automobile owned by Mr. Smith and his daughter, who was killed in an accident. Both Mr. Smith and his daughter were named insureds under Policy A. Policy B covered two other vehicles and listed only Mr. Smith as the named insured. The daughter was killed when the car she was driving—the Toyota covered by Policy A—was struck by another vehicle. Mr. Smith filed suit seeking a declaration that the UIM coverages under Policies A and B from Nationwide could be stacked in the event of a recovery exceeding the amount of insurance carried by the other driver. *Id.* at 365, 388 S.E.2d at 626. The trial court granted Mr. Smith's motion for summary judgment, ruling

that Policy A and Policy B should be stacked. This Court reversed, holding that a household-owned vehicle exclusion in Policy B barred UIM coverage for the daughter's death and therefore prevented stacking of that coverage with the UIM coverage provided by Policy A. *Id.* at 371, 388 S.E.2d at 629.

In distinguishing *Smith* from *Sutton*, this Court stated:

> The question decided in *Sutton* was whether an injured insured could stack UIM coverages for each of four vehicles listed in two separate policies. Analyzing the language of the statute, the legislative intent, and the public policy implications of its decision, the Court held that the coverages for each of the vehicles listed under the two policies was available to compensate the insured.

*Smith*, 97 N.C. App. at 368, 388 S.E.2d at 628.

The Court then reasoned:

> It is not clear from *Sutton* who owned the vehicle driven by the injured insured. Thus, the *Sutton* opinion cannot be read to explicitly address the question presented here, namely, the effect on stacking of a policy provision excluding coverage for an accident involving an automobile owned by a named insured or a family member which is not insured by that policy. In our view, this court's decision in *Driscoll v. United States Liability Ins. Co.*, 90 N.C. App. 569, 369 S.E.2d 110, *disc. rev. denied*, 323 N.C. 364, 373 S.E.2d 544 (1988) is dispositive.

> . . . We reasoned that because UIM coverage is provided only in conjunction with bodily injury liability coverage, a family member for whom *liability* coverage is inapplicable by reason of the household-owned vehicle exclusion is not entitled to UIM coverage. We noted that:

>> "it is scarcely the purpose of any insurer to write a single [UIM] coverage upon one of a number of vehicles owned by an insured, or by others in the household, and extend the benefits of such coverage gratis upon all other vehicles—any more than it would write liability, collision or comprehensive coverages upon one such vehicle and indemnify for such losses as to any other vehicle involved."

> *Id.* at 572, 369 S.E.2d at 112-13 (quoting 8C Appleman, *Insurance Law and Practice* Sec. 5078.15, at 179).

*Id.* at 369, 388 S.E.2d at 628 (citation omitted). We find the reasoning by this Court in *Smith*, as it applied *Driscoll* and distinguished *Sutton*, to be applicable to the facts in this case. In this case, plaintiff was injured while driving a vehicle insured by State Farm. The UIM coverage he seeks is that provided under policies issued by defendant North Carolina Farm Bureau Mutual Insurance Company, which issued a policy covering two other vehicles. The policy specifically excluded other vehicles owned by the plaintiff and not insured under the policy issued by defendant. The policies are not stackable, and the trial court correctly entered summary judgment for the defendant.

We note that the opinion issued by this Court in *Smith* was not unanimous and has been appealed to the North Carolina Supreme Court. The Supreme Court heard arguments on the *Smith* case in October of 1990, and no opinion has been issued as of the date of the filing of this opinion.

The Order of the trial court granting summary judgment for the defendant is

Affirmed.

Judges ORR and DUNCAN concur.

Judge DUNCAN concurred in this opinion prior to 29 November 1990.