CLINTON DEVANE BASS, PLAINTIFF v. NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY, DEFENDANT

No. 907SC130

(Filed 18 June 1991)

**Insurance § 69 (NCI3d) — underinsured motorist coverage — stacking — permitted**

Summary judgment for defendant was reversed where plaintiff filed an action praying that defendant insurance company be held liable for underinsured motorist coverage; defendant answered that it had issued a policy insuring two vehicles owned by plaintiff but plaintiff's injuries occurred while he was operating a third vehicle not insured by defendant; the trial court granted summary judgment for defendant and was affirmed by the Court of Appeals at 100 N.C. App. 728; and the Supreme Court remanded for reconsideration in light of *Smith v. Nationwide Mut. Ins. Co.*, 328 N.C. 139. The vehicle in this case is not listed in the policy issued by defendant, but plaintiff is a named insured in both policies. The Supreme Court reasoned in *Smith* that liability insurance is primarily vehicle oriented, but UM/UIM insurance is essentially person

oriented. Under the language of this policy, the UIM provision may be stacked.

**Am Jur 2d, Automobile Insurance §§ 322, 329.**

APPEAL by plaintiff from Judgment entered 15 December 1989 by *Judge G. K. Butterfield, Jr.*, in WILSON County Superior Court. Heard in the Court of Appeals 9 May 1991.

*Thomas and Farris, P.A., by Allen G. Thomas and Julie A. Turner; and Connor, Bunn, Rogerson & Woodard, P.A., by James F. Rogerson, for plaintiff appellant.*

*Poyner and Spruill, by George L. Simpson, III, for defendant appellee.*

COZORT, Judge.

This case is before this Court on remand from the North Carolina Supreme Court, to be reconsidered in light of that Court's recent decision in *Smith v. Nationwide Mut. Ins. Co.*, 328 N.C. 139, 400 S.E.2d 44 (1991). Following *Smith*, we find the underinsured motorist coverages provided in plaintiff's automobile insurance policies are stackable. We hold the trial court incorrectly entered summary judgment for the defendant, and we reverse.

We set out the facts in detail in *Bass v. North Carolina Farm Bureau Mut. Ins. Co.*, 100 N.C. App. 728, 398 S.E.2d 47 (1990), and will not repeat all the facts here. Briefly, plaintiff filed this action on 24 October 1989, praying that the trial court find the defendant insurance company liable to plaintiff for underinsured motorist coverage. Defendant answered that it had issued a policy insuring two vehicles owned by plaintiff (Policy 1), but that plaintiff's injuries occurred while he was operating a third vehicle he owned which was not insured by defendant, but by a different insurance company (Policy 2). The trial court granted summary judgment for defendant, and we affirmed *Bass*, 100 N.C. App. 728, 398 S.E.2d 47 (1990), following *Smith v. Nationwide Mut. Ins. Co.*, as it had been decided by a panel of the Court of Appeals. *See Smith v. Nationwide Mut. Ins. Co.*, 97 N.C. App. 363, 388 S.E.2d 624 (1990). The Supreme Court reversed *Smith* and granted discretionary review in the instant case for the limited purpose of remanding this case to the Court of Appeals to be reconsidered in light of the Supreme Court's opinion in *Smith*.

BASS v. N.C. FARM BUREAU MUT. INS. CO.

[103 N.C. App. 272 (1991)]

In *Smith*, plaintiff's decedent, Crystal Smith, was fatally injured while driving a Toyota owned by her and her father. *Id.* at 141, 400 S.E.2d at 46. The Toyota was insured under Nationwide Policy No. 61J097608 (Policy A); Miss Smith and plaintiff were listed as insureds under this policy. Plaintiff also had insurance with Nationwide under Policy No. 61E449873 (Policy B) which insured two other vehicles. *Id.* Each of the Nationwide policies provided UIM coverage at limits of $100,000.00/$300,000.00. The other vehicle involved in the accident was insured by Farm Bureau Mutual Insurance Company, who paid its single limit liability coverage to Miss Smith's estate. *Id.* Plaintiff brought suit against Nationwide seeking a declaration that underinsured motorist coverage provided for in Policy A and Policy B may be stacked in calculating the total underinsured motorist coverage provided to satisfy any judgment for the wrongful death of Miss Smith. *Id.*

The Supreme Court held that the underinsured motorist (UIM) coverages provided in two separate automobile insurance policies issued to the plaintiff may be stacked to compensate for the death of plaintiff's daughter who was killed while driving a vehicle owned by plaintiff and his daughter, even though the daughter and the vehicle she was driving were listed on only one of the policies. *Id.* at 153, 400 S.E.2d at 53. The Court stated that in determining whether insurance coverage is provided by a particular policy, careful attention must be given to (1) the type of coverage, (2) the relevant statutory provisions, and (3) the terms of the policy. *Id.* at 142, 400 S.E.2d at 47.

The Court reasoned that uninsured/underinsured motorists (UM/UIM) coverage is different from liability insurance coverage in that UM/UIM "protects covered persons from the consequences of the negligence of others." *Id.* at 146, 400 S.E.2d at 49. While liability insurance may be primarily vehicle oriented, UM/UIM insurance is "essentially person oriented." *Id.* at 148, 400 S.E.2d at 50.

In the present case, as in *Smith*, the relevant statute is N.C. Gen. Stat. § 20-279.21 (1989). Under § 20-279.21(b)(4), UIM coverage is "to be used only with policies that are written at limits that exceed those prescribed by [the statute] and that afford uninsured motorist coverage . . . in an amount equal to the policy limits for automobile bodily injury liability as specified in the owner's policy." In *Smith*, the Court stated that "while the statutory scheme

**BASS v. N.C. FARM BUREAU MUT. INS. CO.**

[103 N.C. App. 272 (1991)]

requires the insurance company to offer UM/UIM coverages only if liability coverages exceed the minimum statutory requirement and in an *amount* equal to the limits of bodily injury liability insurance, nothing in the statute requires that the *scope* of the coverage be the same." (emphasis in original) *Id.* at 148, 400 S.E.2d at 50. Thus, in the present case, we need only look at the UIM section of the policy to determine whether plaintiff may recover from the UIM provision of the policy issued by defendant as well as under the UIM provision of Policy 2.

In *Smith*, the Court found that plaintiff was a "covered person" under both policies where decedent was a named insured under one policy and the pertinent provision of the other policy which covered the uninvolved automobiles and which did not name plaintiff's decedent as an insured contained no "family member" exclusion. *Id.* at 150, 400 S.E.2d at 51. *See Crowder v. N.C. Farm Bureau Mut. Ins. Co.*, 79 N.C. App. 551, 340 S.E.2d 127, *disc. rev. denied,* 316 N.C. 731, 345 S.E.2d 387 (1986). In the instant case, plaintiff is a named insured in both policies, but the vehicle involved in the accident is not listed in the policy issued by defendant. However, we rely on the Supreme Court's suggestion in *Smith* that "the definition of 'persons insured' for UM/UIM coverage strongly suggests that the UM/UIM coverage for family members follows the person rather than the vehicle," and hold that plaintiff may recover under the UIM provision of the policy issued by defendant as well as Policy 2. *Id.* at 149, 400 S.E.2d at 50.

In order to determine whether plaintiff may stack the UIM coverages under both policies, we must examine the policy language found in the "Other Insurance" provision of the policy issued by defendant. The UM/UIM endorsement modifies the "Other Insurance" provision of the UM coverage agreement with respect to damages the plaintiff is entitled to recover from an uninsured or underinsured motorist. The provision is as follows:

> If this policy and any other auto insurance policy issued to you apply to the same accident, the maximum limit of liability for your or a **family member's** injuries shall be the sum of the limits of liability for this coverage under all such policies.

Thus, under the language of the policy, the UIM provision of the policy issued by defendant may be stacked with the UIM coverage of Policy 2. Therefore, the decision of the trial court granting summary judgment for defendant is reversed.

Reversed.

Judges ORR and WYNN concur.