CLINTON DEVANE BASS v. NORTH CAROLINA FARM BUREAU MUTUAL
INSURANCE COMPANY

No. 12PA91

(Filed 17 July 1992)

**Insurance § 528 (NCI4th) — injury in vehicle without UIM coverage — UIM coverage under policy on other vehicles**
      Underinsured motorist (UIM) coverage is available under an automobile/truck policy issued to a named insured when a motorcycle owned by the named insured and involved in his injuries is insured under a separate policy not containing UIM coverage, since plaintiff is a "person insured" of the first class set forth in N.C.G.S. § 20-279.21(b)(3) under the UIM provisions of the automobile/truck policy.

110 IN THE SUPREME COURT

**Am Jur 2d, Automobile Insurance § 322.**

Justice MEYER dissenting.

ON discretionary review of a decision of the Court of Appeals, 103 N.C. App. 272, 405 S.E.2d 370 (1991), reversing the entry of summary judgment for the defendant by *Butterfield, J.,* at the 15 December 1989 Session of Superior Court, WILSON County. Heard in the Supreme Court 9 March 1992.

*Connor, Bunn, Rogerson & Woodard, P.A., by James F. Rogerson; and Thomas & Farris, P.A., by Allen G. Thomas and Julie Turner, for plaintiff-appellee.*

*Nichols, Caffrey, Hill, Evans & Murrelle, by Paul D. Coates and ToNola D. Brown, for defendant-appellant.*

FRYE, Justice.

The sole issue presented on appeal is whether the Court of Appeals erred in holding that underinsured motorist (UIM) coverage is available under a policy issued to a named insured, when the vehicle owned by the named insured and involved in his injuries is insured under a separate policy not containing UIM coverage. We hold that the Court of Appeals did not err.

Plaintiff was permanently injured when his 1986 Honda motorcycle was struck by an automobile driven by Manuel Tyson. Plaintiff insured the Honda motorcycle with State Farm Mutual Automobile Insurance Company. No UIM coverage was provided in this policy. Plaintiff also owned a 1979 Dodge truck and a 1981 Ford automobile, both of which were insured under a policy issued by defendant with $100,000/$300,000 UIM coverage.

In a tort action against Tyson, plaintiff obtained a jury verdict of $900,000, and Tyson's insurance carrier paid the plaintiff $25,000, exhausting its liability limits. Plaintiff then turned to defendant, requesting payment under the UIM provisions of his automobile/truck policy. Following defendant's failure to honor his request, plaintiff commenced this action against defendant.

The trial court granted defendant's motion for summary judgment, and the Court of Appeals affirmed. *Bass v. North Carolina*

*Farm Bureau Mut. Ins. Co.*, 100 N.C. App. 728, 398 S.E.2d 47 (1990). This Court granted plaintiff's petition for discretionary review for the limited purpose of remanding the case for reconsideration in light of our decision in *Smith v. Nationwide Mut. Ins. Co.*, 328 N.C. 139, 400 S.E.2d 44, *reh'g denied*, 328 N.C. 577, 403 S.E.2d 514 (1991). *Bass v. North Carolina Farm Bureau Mut. Ins. Co.*, 328 N.C. 328, 402 S.E.2d 829 (1991). On remand, the Court of Appeals reversed the trial court's grant of summary judgment. *Bass v. North Carolina Farm Bureau Mut. Ins. Co.*, 103 N.C. App. 272, 405 S.E.2d 370 (1991). We allowed defendant's petition for discretionary review. *Bass v. North Carolina Farm Bureau Mut. Ins. Co.*, 330 N.C. 193, 412 S.E.2d 52 (1991).

Defendant contends that the Court of Appeals erred by reversing the trial court's grant of its motion for summary judgment. In support of this contention, defendant argues that *Smith* is distinguishable from the instant case in that "*Smith* is limited to its facts so that an insured injured while riding in an owned vehicle not included in a policy insuring other vehicles, can recover UIM benefits from that policy *only if* the owned vehicle is covered by a policy which also contains UIM coverage." Defendant reads *Smith* too narrowly.

In *Smith*, the plaintiff's intestate was fatally injured while riding in an automobile which she owned with her father and which was insured with UIM coverage in the amount of $100,000 per person. *Smith*, 328 N.C. at 141, 100 S.E.2d at 46. The plaintiff's intestate lived in the same household with her father who owned and insured two automobiles on a separate policy with UIM coverage also in the amount of $100,000 per person for each vehicle. *Id.* The father's policy covered both of his automobiles, neither of which was owned by the plaintiff's intestate. *Id.* The question before the Court was whether the plaintiff's intestate was covered for UIM benefits under her own UIM coverage and under the UIM coverage in her father's policy. We held in *Smith* that the plaintiff was entitled to recover under the UIM provisions of both policies, notwithstanding the fact that his daughter's *vehicle* was not insured under his policy. *Id.* at 150-51, 400 S.E.2d at 51-52.

While both insurance policies in *Smith* contained UIM coverage, this Court's decision did not rest on that fact. Instead, the critical factor in *Smith* was that the plaintiff's intestate was a "person insured" of the first class under the provisions of N.C.G.S.

§ 20-279.21(b)(3).[1] Persons insured of the first class include "the named insured and, while resident of the same household, the spouse of any named insured and relatives of either . . . ." *Crowder v. North Carolina Farm Bureau Mut. Ins. Co.*, 79 N.C. App. 551, 554, 340 S.E.2d 127, 129 (quoting N.C.G.S. § 20-279.21(b)(3) ), *disc. rev. denied*, 316 N.C. 731, 345 S.E.2d 387 (1986). As a "person insured" of the first class under her father's policy, the decedent in *Smith* was covered for UIM benefits regardless of whether the vehicle she was riding in was insured under her father's policy or a separate policy. *See Crowder*, 79 N.C. App. at 554, 340 S.E.2d at 129 (persons insured of the first class entitled to recover "even where the insured vehicle is not involved in the insured's injuries"). As we made clear in *Smith*, "liability insurance is essentially vehicle oriented, while UM/UIM insurance is essentially person oriented." *Smith*, 328 N.C. at 148, 400 S.E.2d at 50.

Turning to the present case, the question becomes whether plaintiff is a "person insured" of the first class under the UIM provisions of his automobile/truck policy with defendant. It is undisputed that plaintiff is the named insured under the policy with defendant. Therefore, plaintiff is a "person insured" of the first class under the UIM provisions of the automobile/truck policy issued to plaintiff by defendant. *Smith*, 328 N.C. at 143, 400 S.E.2d at 47. The fact that plaintiff's motorcycle policy did not provide UIM coverage is of no significance to this decision, because plaintiff is not seeking any recovery under his motorcycle policy. As a person insured of the first class, plaintiff is entitled to UIM benefits under his automobile/truck policy regardless of whether he is riding in the insured vehicles or on his motorcycle, or just walking down the street. *Id.* We therefore hold that plaintiff may recover under the UIM provision of the automobile/truck policy issued by defendant.

While we agree with the decision of the Court of Appeals, we find it necessary to correct some misleading statements in its opinion. For example, at the beginning of the opinion, the court stated, "Following *Smith*, we find the underinsured motorist coverages provided in plaintiff's automobile insurance *policies* are

---

1. N.C.G.S. § 20-279.21 was amended by the General Assembly in 1991. 1991 N.C. Sess. Laws ch. 646, §§ 1-4. However, the amendments do not affect claims arising or litigation pending prior to the amendments. *Id.* at § 4. Unless otherwise noted, any citation to or discussion of N.C.G.S. § 20-279.21 will be with respect to that version of the statute in effect at the time of the accident.

stackable." *Bass v. North Carolina Farm Bureau Mut. Ins. Co.*, 103 N.C. App. 272, 273, 405 S.E.2d 370, 371 (emphasis added). Again at the end of the opinion, the court stated, "Thus under the language of the policy, the UIM provision of the policy issued by defendant may be *stacked with the UIM coverage in policy 2." Id.* at 275, 405 S.E.2d at 372 (emphasis added). Only one policy issued by defendant is involved in this case, the policy issued to plaintiff insuring the Dodge truck and Ford automobile. The motorcycle policy issued by another carrier, designated as "policy 2" by the Court of Appeals, did not provide UIM coverage. It is impossible to stack the UIM coverage under the automobile/truck policy with coverage under the motorcycle policy, since the policy on the motorcycle contains no UIM coverage. Thus, the stacking involved in the instant case is intrapolicy rather than interpolicy.[2] We thus disapprove any statements in the Court of Appeals opinion suggesting that this case involves interpolicy stacking.

For the reasons stated herein, the decision of the Court of Appeals is affirmed.

Affirmed.

Justice MEYER dissenting.

I agree with the majority that plaintiff is clearly a class one "person insured" with respect to the UIM coverage provided by the policy issued by defendant ("Farm Bureau policy"). However, I do not agree with the majority that a person's status as a class one "person insured" under a policy providing UIM coverage automatically entitles that person to UIM benefits under that policy. In order to be entitled to such benefits, a person must show not only that he is a "person insured," but also that he has been injured by an "underinsured" vehicle, that the liability policy on the underinsured vehicle has been exhausted, and that his insurance policy provides UIM coverage for the accident. I do not believe that plaintiff has met his burden of showing an entitlement to UIM benefits under the Farm Bureau policy. I also have other concerns that I wish to point out.

---

2. The 1991 amendment to N.C.G.S. § 20-279.21(b)(4) appears to prohibit intrapolicy stacking. 1991 N.C. Sess. Laws ch. 646, § 2. However, because this action accrued prior to the effective date of the amendment, it is not affected by the amendment. *Id.* at § 4.

Defendant argues that the Farm Bureau policy does not provide UIM coverage to plaintiff for the accident at issue here because plaintiff was driving a vehicle that he owned but did not insure under the Farm Bureau policy. I agree. Part D of the Farm Bureau policy, entitled "Uninsured/Underinsured Motorists Coverage," provides:

> This coverage is subject to all of the provisions of the policy *with respect to the vehicles for which the Declarations [Page] indicates that Uninsured/Underinsured Motorists Coverage applies* . . . .

(Emphasis added.) Listed on the declarations page of the Farm Bureau policy are only two vehicles owned by plaintiff, a 1979 Dodge truck and a 1981 Ford automobile. The declarations page of the Farm Bureau policy further specifies that uninsured and underinsured motorists' coverage is provided in specified amounts for each of these vehicles. Nowhere does the declarations page in any way "indicate" that uninsured or underinsured motorists' coverage applies to the motorcycle owned by plaintiff and involved in the accident. As I expressed in my dissent to *Smith v. Nationwide*, 328 N.C. 139, 400 S.E.2d 44, *reh'g denied*, 328 N.C. 577, 403 S.E.2d 514 (1991), it is my opinion that the language of the Farm Bureau policy clearly limits the UIM coverage provided thereunder to the vehicles insured by the policy. This language "is tantamount to an exclusion for other vehicles in the household or owned by members of the household." *Smith*, 328 N.C. at 157, 403 S.E.2d at 55 (Meyer, J., dissenting).

To fail to give effect to such exclusions ignores the General Assembly's intent of offering the added protection of UIM coverage only to insureds who have provided protection greater than that required by law to third persons who might be injured as a result of the insureds' negligent acts. As I expressed in my dissent in *Smith*, the majority's rationale permits individuals or families who own two, three, four, or more vehicles and who have acquired UIM coverage on only one vehicle at the most favorable premium rate to take advantage of this UIM coverage when injured in another vehicle for which they have acquired only minimum coverage and for which UIM coverage is not available.

*Smith*, upon which the majority relies, has little bearing on the issue presented in the case at bar. In *Smith*, the deceased daughter's vehicle had greater than minimum coverage. UIM

coverage had not been rejected and was included in the daughter's policy. Here, plaintiff's motorcycle had only minimum liability coverage, and thus UIM coverage was not even available on the motorcycle. As the majority points out, when we remanded the case to the Court of Appeals for reconsideration in light of *Smith*, the panel below apparently felt compelled to apply *Smith* to the facts of this case and thus misconstrued this case to be a UIM interpolicy stacking case, which it is not.

As noted by defendant, the holding in *Smith* turned on the policy language of the "Other Insurance" clause contained in the deceased's father's policy. This Court held that the "Other Insurance" provision specifically provided for recovery of UIM benefits under two policies applicable to the same accident and issued to the same named insured. The policy language that was present in the UM/UIM endorsement of the policy before us in *Smith* was as follows:

> If this policy and any other auto insurance policy issued to you apply to the same accident, the maximum limit of liability for your or a family member's injuries shall be the sum of the limits of liability for this coverage under all such policies.

*Smith*, 328 N.C. at 152, 400 S.E.2d at 52. While this policy language is present in the Farm Bureau policy at issue here, plaintiff here has only one policy that contains UIM coverage, unlike in *Smith* where both of the policies at issue contained UIM coverage. While *Smith* did extend UIM coverage to insureds riding in owned vehicles that are covered by separate liability policies containing UIM coverage, it did not answer the question of whether an insured may recover UIM benefits when injured while operating an owned vehicle that has minimum coverage and no UIM coverage.

One need look no further than the provisions of our Motor Vehicle Safety and Financial Responsibility Act to find that the General Assembly did not intend for UIM coverage to be extended to vehicles insured with minimum liability limits. Pursuant to N.C.G.S. § 20-279.21(b)(4), it is incumbent upon the insurer, when issuing a motor vehicle liability insurance policy, to include UIM coverage only when the liability insurance purchased exceeds that statutorily required to operate a motor vehicle. According to this section, the motor vehicle liability policy "[s]hall . . . provide underinsured motorist coverage, *to be used only with* policies that are written at limits that exceed" the liability insurance limits required by law. N.C.G.S. § 20-279.21(b)(4) (1989) (emphasis added). Under

the express language of this statute, UIM coverage may be *used* only with policies that provide liability insurance in excess of the statutory minimum limits of liability. When read in conjunction with N.C.G.S. § 20-279.21(b)(1)'s requirement that motor vehicle liability insurance policies "designate by explicit description or by appropriate reference all motor vehicles with respect to which coverage is thereby to be granted," it can only be concluded that the General Assembly did not intend for UIM coverage to be extended to vehicles not specifically listed on a policy providing UIM coverage.

It is contrary to public interest, the intent of the parties to an insurance contract, and the Motor Vehicle Financial Responsibility Act to allow a person to pay a premium for one car and receive coverage on any number of other cars without paying the insurer any additional premium. When the Farm Bureau policy was issued, defendant did not accept the risk attendant with plaintiff's motorcycle having minimum liability coverage and no UIM coverage, but limited UIM coverage to the vehicles listed in its policy. Plaintiff paid no premium to defendant or any other insurer for UIM coverage on the motorcycle. It is inherently unfair to now tax defendant with a risk it did not assume. I conclude that the Farm Bureau policy excludes coverage for plaintiff's injuries, sustained while plaintiff was operating his motorcycle that was not insured under the Farm Bureau policy and that had minimum liability coverage and no UIM coverage. I therefore dissent from the majority opinion and vote to reverse the Court of Appeals.