ALICE R. HARPER, Administratrix of the ESTATE OF WILLIAM P. HARPER, JR., Plaintiff v. ALLSTATE INSURANCE COMPANY, Defendant

No. 9410SC66

(Filed 6 December 1994)

**Insurance § 527 (NCI4th)— insured riding motorcycle not listed in policy—UIM coverage not excluded**

The family member exclusion in an automobile policy issued by defendant did not exclude UIM coverage for injuries sustained by the insured while riding a motorcycle owned by insured which was not listed in the policy, since such exclusion would be contrary to the terms of N.C.G.S. § 20-279.21(b)(4) because it attempted to impose a restriction which was not intended by the Financial Responsibility Act.

**Am Jur 2d, Automobile Insurance §§ 293 et seq.**

**Rights and liabilities under "uninsured motorists" coverage. 79 ALR2d 1252.**

**Uninsured motorist coverage: validity of exclusion of injuries sustained by insured while occupying "owned" vehicle not insured by policy. 30 ALR4th 172.**

**Uninsured motorist insurance: injuries to motorcyclist as within affirmative or exclusionary terms of automobile insurance policy. 46 ALR4th 771.**

## HARPER v. ALLSTATE INS. CO.

[117 N.C. App. 302 (1994)]

Appeal by defendant from judgment entered 13 December 1993 by Judge Coy E. Brewer, Jr. in Wake County Superior Court. Heard in the Court of Appeals 29 September 1994.

*Smith & Holmes, P.C., by Robert E. Smith and Mary M. McHugh, for defendant-appellant.*

*Edwards and Kirby, by David F. Kirby, for plaintiff-appellee.*

WYNN, Judge.

On 4 November 1992, William P. Harper, Jr. was killed in an accident while riding a motorcycle. At the time of the accident, Mr. Harper was the named insured on a policy with defendant, Allstate Insurance Co., which provided underinsured motorist (UIM) coverage of $100,000.00 per person/$300,000.00 per accident on Mr. Harper's 1986 Mercedes automobile. Defendant denied coverage based upon an exclusion in the uninsured motorist (UM) coverage of Mr. Harper's policy which provided in pertinent part:

A. We do not provide Uninsured Motorists Coverage for **property damage** or **bodily injury** sustained by any person:

. . .

7. While **occupying** or when struck by any motor vehicle owned by you or any **family member** which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle..

Plaintiff, Alice R. Harper, administratrix of Mr. Harper's estate, brought a declaratory judgment action against defendant seeking UIM coverage under defendant's policy. The trial court granted plaintiff's motion for summary judgment and held that defendant's policy provided UIM coverage for Mr. Harper. From this judgment, defendant appeals.

Defendant assigns error to the trial court's order granting plaintiff's motion for summary judgment. Defendant argues that the family member exclusion in the UM section of the policy is effective to exclude coverage for injuries sustained by Mr. Harper while riding a motorcycle owned by him which is not listed in the policy. We disagree.

Mr. Harper, as the named insured, is a member of the first class of persons insured as defined by N.C. Gen. Stat. § 20-279.21(b)(3). *Harrington v. Stevens*, 334 N.C. 586, 434 S.E.2d 212 (1993); *Bass v.*

*North Carolina Farm Bureau Mut. Ins. Co.*, 332 N.C. 109, 418 S.E.2d 221 (1992). A first class insured "is entitled to UIM benefits under his . . . policy regardless of whether he is riding in the insured vehicles or on his motorcycle, or just walking down the street. *Bass*, 332 N.C. at 112, 418 S.E.2d at 223.

Defendant argues that the family member exclusion in its policy excludes UIM coverage for injuries sustained by the insured while occupying a vehicle owned by the insured which is not listed in the policy. This Court rejected the "owned vehicle" or "family member" exclusion with regard to UM coverage in *Bray v. N.C. Farm Bureau Mut. Ins. Co.*, 115 N.C. App. 438, 445 S.E.2d 79, *review allowed*, 337 N.C. 800, 449 S.E.2d 565 (1994) and with regard to UIM coverage in *Nationwide Mutual Ins. Co. v. Mabe*, 115 N.C. App. 193, 444 S.E.2d 664, *review allowed*, 337 N.C. 802, 449 S.E.2d 748 (1994). In *Mabe*, this Court found that the exclusion was contrary to the terms of N.C. Gen. Stat. § 20-279.21(b)(4) because it attempted to impose a restriction which was not intended by the Financial Responsibility Act. *Id.* at 205, 444 S.E.2d at 671. As this Court stated in *Mabe*, "[A]s long as an individual is a first class insured person, he or she is covered." *Id.* at 206, 444 S.E.2d at 672. Therefore, the trial court's judgment is

Affirmed.

Chief Judge ARNOLD and Judge COZORT concur.