MICHAEL EARL HONEYCUTT AND CATHY LYNN HONEYCUTT, PLAINTIFFS v. ROY LEE WALKER AND NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY, DEFENDANTS

No. 94-645

(Filed 6 June 1995)

1. Insurance § 528 (NCI4th)— automobile insurance—named insured—UIM coverage—injury while riding motorcycle

Plaintiff, as the named insured under an automobile policy covering his Pontiac and Dodge automobiles, is a person insured of the first class under N.C.G.S. § 20-279.21(b)(3) who is entitled to benefits under the UIM coverage of the policy even though he was injured while operating his motorcycle.

**Am Jur 2d, Automobile Insurance §§ 315, 322.**

HONEYCUTT v. WALKER

[119 N.C. App. 220 (1995)]

### 2. Insurance § 532 (NCI4th)— automobile insurance—invalidity of family-owned exclusion

A family-owned exclusion clause in a policy covering insured's Pontiac and Dodge automobiles did not prohibit the insured from recovering UIM benefits under this policy for injuries suffered while operating his motorcycle because this exclusion is contrary to the terms of N.C.G.S. § 20-279.21(b)(4) in that it attempts to impose a restriction not intended under the Financial Responsibility Act. The family-owned exclusion was not rendered valid by the 1991 amendments to N.C.G.S. § 20-279.21(b)(4) since the purpose of the amendments was the prohibition of intrapolicy stacking of UIM coverages, and they do not prevent an insured from being covered while operating an owned vehicle not listed in the policy.

**Am Jur 2d, Automobile Insurance § 324.**

Appeal by defendant North Carolina Farm Bureau Mutual Insurance Company from judgment entered 17 March 1994 by Judge Wiley F. Bowen in Harnett County Superior Court. Heard in the Court of Appeals 2 March 1995.

On 9 September 1992, plaintiff Michael Honeycutt suffered serious injuries when his 1986 Honda motorcycle was struck by a car driven by defendant Roy Lee Walker. Honeycutt's motorcycle was insured by Integon General Insurance Corporation under a policy which did not provide any uninsured/underinsured motorist (UM/UIM) coverage. Honeycutt also owned two other vehicles, Pontiac and Dodge automobiles, insured under a policy issued by defendant North Carolina Farm Bureau Mutual Insurance Company (Farm Bureau). The Farm Bureau policy provided UM/UIM limits of $100,000 per person and $300,000 per accident.

Michael Honeycutt and his wife, Cathy Honeycutt, filed suit seeking damages from Walker, as the alleged tortfeasor, and from Farm Bureau for recovery of UIM benefits under the policy covering the Dodge and Pontiac automobiles. Farm Bureau denied coverage based upon a family-owned exclusion clause contained in the policy. The exclusion clause states that UIM coverage will not be provided for property damage or personal injury sustained by any person "[w]hile occupying, or when struck by, any motor vehicle owned by you or a family member which is not insured for this coverage under this policy."

Farm Bureau moved for bifurcation of the tort and coverage issues, and the court entered a Consent Order allowing bifurcation on 25 October 1993. Plaintiffs then moved for summary judgment against Farm Bureau on the issue of coverage. The trial court entered summary judgment in favor of plaintiffs, holding the family-owned exclusion to be void as a matter of law. Farm Bureau appeals the judgment entitling plaintiffs to recover UIM benefits under the Farm Bureau policy.

*Stewart & Hayes, by Vernon K. Stewart and Heather A. Hayes, for plaintiff-appellees.*

*Thompson, Barefoot & Smyth, by Theodore B. Smyth, for defendant-appellant.*

McGEE, Judge.

Defendant-appellant Farm Bureau assigns as error the trial court's grant of summary judgment for the plaintiffs entitling them to underinsured motorist coverage under the Farm Bureau policy.

[1] Farm Bureau first argues the family-owned exclusion clause prevents plaintiffs from recovering for injuries sustained by Mr. Honeycutt while operating a motorcycle owned by him but not listed in the Farm Bureau policy. Our analysis begins with a determination of whether Michael Honeycutt is a member of an insured class entitled to UIM coverage under the Farm Bureau insurance policy. In *Bass v. N. C. Farm Bureau Mut. Ins. Co.*, 332 N.C. 109, 418 S.E.2d 221 (1992), the plaintiff was also injured while riding his motorcycle. The insurance policy covering the motorcycle did not contain UIM coverage. The plaintiff attempted to recover under a policy insuring an automobile and a truck owned by him that did include UIM coverage. Our Supreme Court held that the plaintiff, as the named insured, was a person insured of the first class under N.C. Gen. Stat. § 20-279.21(b)(3) and therefore was "entitled to UIM benefits under his automobile/truck policy regardless of whether he [was] riding in the insured vehicles or on his motorcycle, or just walking down the street." *Bass* at 112, 418 S.E.2d at 223. The Court stated UIM insurance is essentially person oriented, unlike liability insurance which is vehicle oriented. Therefore the plaintiff could recover under the automobile/truck policy issued by the defendant. *Id.*

Mr. Honeycutt, as the named insured under the Farm Bureau policy, is a first class insured as defined by statute and under the *Bass*

decision. As an insured of the first class, he is entitled to benefits under the UIM coverage contained in the Farm Bureau policy covering his Pontiac and Dodge automobiles, even though he was injured while riding his motorcycle.

[2]  Next, we must determine the effect of the family-owned exclusion clause. Farm Bureau argues this case is distinguishable from *Bass* because the *Bass* insurance policy contained no such clause. However, the existence of a family-owned exclusion clause in Mr. Honeycutt's insurance policy does not affect whether plaintiffs are entitled to UIM benefits. This Court rejected the family-owned exclusion with regard to UIM coverage in *Nationwide Mutual Ins. Co. v. Mabe*, 115 N.C. App. 193, 444 S.E.2d 664, *disc. review allowed*, 337 N.C. 802, 449 S.E.2d 748, 450 S.E.2d 485 (1994), *cert. dismissed*, 339 N.C. 614, 454 S.E.2d 225 (1995). *Mabe* held that a family-owned vehicle exclusion is contrary to the terms of G.S. 20-279.21(b)(4) because it attempts to impose a restriction not intended under the Financial Responsibility Act. *Mabe* at 205, 444 S.E.2d at 671. *Accord, Harper v. Allstate Ins. Co.*, 117 N.C. App. 302, 450 S.E.2d 759 (1994), *disc. review allowed*, 339 N.C. 612, 454 S.E.2d 251 (1995). Mr. Honeycutt may collect UIM benefits under the Farm Bureau policy for injuries suffered while riding his motorcycle, notwithstanding the family-owned exclusion clause.

Finally, Farm Bureau argues the 1991 amendments to G.S. 20-279.21(b)(4) moved the focus of UIM coverage from persons to vehicles, thereby making a family-owned exclusion valid. The 1991 amendments to G.S. 20-279.21(b)(4) became effective 5 November 1991 and apply to all new and renewal policies written on or after that date. 1991 N.C. Sess. Laws ch. 646 § 4. Mr. Honeycutt renewed his Farm Bureau policy on 17 March 1992.

The amended statute states, in part:

In any event, the limit of underinsured motorist coverage applicable to any claim is determined to be the difference between the amount paid to the claimant under the exhausted liability policy or policies and the limit of underinsured motorist coverage applicable to the motor vehicle involved in the accident. Furthermore, if a claimant is an insured under the underinsured motorist coverage on separate or additional policies, the limit of underinsured motorist coverage applicable to the claimant is the difference between the amount paid to the claimant under the exhausted liability policy or policies and the total limits of the claimant's

underinsured motorist coverages as determined by combining the highest limit available under each policy . . . . The underinsured motorist limits applicable to any one motor vehicle under a policy shall not be combined with or added to the limits applicable to any other motor vehicle under that policy.

N.C. Gen. Stat. § 20-279.21(b)(4) (1993). Based upon our reading of the statutory changes, Farm Bureau's final argument is unconvincing.

While no cases have directly addressed the impact of the 1991 amendments regarding stacking issues, several have discussed their probable intent. In *Bass*, our Supreme Court stated in a footnote that the amendment to G.S. 20-279.21(b)(4) "appears to prohibit intrapolicy stacking." *Bass* at 113, 418 S.E.2d at 223. In *State Farm Mut. Auto. Ins. Co. v. Young*, 115 N.C. App. 68, 443 S.E.2d 756, *disc. review allowed*, 338 N.C. 523, 453 S.E.2d 168 (1994), this Court held a family-owned exclusion to be void as contrary to the Financial Responsibility Act, noting the policy was issued "before G.S. § 20-279.21 was amended to preclude intrapolicy stacking of underinsured motorist coverage." *Young* at 69, 443 S.E.2d at 758. In *Maryland Casualty Co. v. Smith*, 117 N.C. App. 593, 452 S.E.2d 318, *disc. review denied*, No. 79P95 (N.C. Supreme Court April 6, 1995), this Court, in determining the validity of a rejection of UIM coverage after the 1991 amendments, noted that the amendments dealing with UIM coverage allowed only interpolicy stacking. *Maryland Casualty* at 597, 452 S.E.2d at 320. Further, the bill enacting the amendments was entitled "AN ACT TO PROHIBIT THE STACKING OF UNINSURED AND UNDERINSURED MOTORIST COVERAGE." 1991 N.C. Sess. Laws ch. 646.

Based upon our reading of the statute, discussions of the amendments in previous cases, and the title of the Act, the main purpose of the 1991 amendments to G.S. 20-279.21(b)(4) appears to be the prohibition of intrapolicy stacking of UIM coverage. We do not agree with Farm Bureau that an anti-intrapolicy stacking provision in the statute is equivalent to a family-owned exclusion. As this Court has stated, UM/UIM coverage follows the person, not the vehicle. *Mabe* at 204, 444 S.E.2d at 671. The amendments do not indicate the General Assembly intended to change the focus of UIM coverage from persons to vehicles. The anti-intrapolicy stacking provisions in the 1991 amendments to G.S. 20-279.21(b)(4) simply prevent an insured from receiving multiple UIM recoveries under a single policy. They do not prevent an insured from being covered while operating an owned vehicle not listed in the policy.

The trial court's entry of summary judgment against Farm Bureau in favor of the plaintiffs is affirmed.

Affirmed.

Judges EAGLES and WALKER concur.