468 S.E.2d 584 (1996)
NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY, Plaintiff,
v.
Doris Jean STAMPER, individually and as the Administratrix of the Estate of Melvin Stamper, Deceased, Defendants.
No. COA95-1000.
Court of Appeals of North Carolina.
April 16, 1996.
*585 Battle, Winslow, Scott & Wiley, P.A. by Samuel S. Woodley and M. Greg Crumpler, Rocky Mount, and Chichester Law Office by Gilbert W. Chichester, Littleton, for defendant appellants and cross-appellees.
Thompson, Barefoot & Smyth, L.L.P. by Theodore B. Smyth, Raleigh, for plaintiff appellee and cross-appellant.
ARNOLD, Chief Judge.
Defendants argue that the trial court erred in determining that no UIM benefits were provided through decedent's BAP because the covered vehicle was not a "private passenger motor vehicle" as required for interpolicy stacking under N.C.Gen.Stat. § 20-279.21(b)(4) (1993). We disagree.
The statute governing the stacking of UIM policies was amended and became effective in 1991, and decedent's BAP was issued in 1992. Therefore, the UIM statute as amended applies in this case. However, the Supreme Court's most recent pronouncements regarding UIM interpolicy stacking interpret the pre-1991 version of the statute. See Isenhour v. Universal Underwriters Ins. Co., 341 N.C. 597, 461 S.E.2d 317, reh'g denied, 342 N.C. 197, 463 S.E.2d 237 (1995); Nationwide Mut. Ins. Co. v. Mabe, 342 N.C. 482, 467 S.E.2d 34 (1996).
The pre-1991 UIM stacking statute provided, in part:
In any event, the limit of underinsured motorist coverage applicable to any claim is determined to be the difference between the amount paid to the claimant pursuant to the exhausted liability policy and the total limits of the owner's underinsured motorist coverages provided in the owner's policies of insurance; it being the intent of this paragraph to provide to the owner, in instances where more than one policy may apply, the benefit of all limits of liability of underinsured motorist coverage under all such policies: Provided that this paragraph shall apply only to nonfleet private passenger motor vehicle insurance as defined in G.S. 58-131.36(9) and (10).

G.S. § 20-279.21(b)(4) (emphasis added). Interpreting this pre-1991 version of the statute, the Supreme Court recently held that "no reason exists to distinguish between fleet and nonfleet policies under interpolicy stacking.... Under Sutton, the interpolicy stacking of fleet and nonfleet policies is permissible." Isenhour, 341 N.C. at 602-03, 461 S.E.2d at 320 (citing Sutton v. Aetna Casualty & Surety Co., 325 N.C. 259, 382 S.E.2d 759, reh'g denied, 325 N.C. 437, 384 S.E.2d 546 (1989)).
Defendants concede that although the BAP covered a nonfleet vehicle, it did not cover a private passenger motor vehicle, but they contend that the holding in Isenhour allows interpolicy stacking of the BAP and PAP under the amended statute. We find this argument unpersuasive. The Court in Isenhour based its conclusion on Sutton, which interpreted the pre-1991 statute to allow both interpolicy and intrapolicy stacking and reasoned that
[i]f the paragraph under consideration were intended to require both interpolicy and intrapolicy stacking, an exception for fleet policies would be anticipated. This exception would preclude any argument that UIM limits in a fleet policy were figured by multiplying the UIM coverage *586 by the number of vehicles ordinarily insured in the fleet.
Sutton v. Aetna Casualty & Surety Co., 325 N.C. 259, 266, 382 S.E.2d 759, 763-64, reh'g denied, 325 N.C. 437, 384 S.E.2d 546 (1989). The Sutton Court indicated that because both intrapolicy and interpolicy stacking were allowed, the purpose of the fleet policy exception was to limit intrapolicy stacking to nonfleet policies only. "If ... the legislature intended to provide for no intrapolicy stacking at all, there would be less need for a fleet policy exception." Id., 382 S.E.2d at 764.
However, the conclusion of the Isenhour Court, based on Sutton, is inapplicable to the statute as amended in 1991. The 1991 act amending G.S. § 20-279.21(b)(4) was entitled "AN ACT TO PROHIBIT THE STACKING OF UNINSURED AND UNDERINSURED MOTORIST COVERAGE," 1991 N.C.Sess.Laws ch. 646, and the Supreme Court has since noted that "[t]he 1991 amendment to N.C.G.S. § 20-279.21(b)(4) appears to prohibit intrapolicy stacking." Bass v. N.C. Farm Bureau Mut. Ins. Co., 332 N.C. 109, 113 n. 2, 418 S.E.2d 221, 223 n. 2 (1992). This Court has also held that "[b]ased upon our reading of the statute, discussions of the amendments in previous cases, and the title of the Act, the main purpose of the 1991 amendments to G.S. 20-279.21(b)(4) appears to be the prohibition of intrapolicy stacking of UIM coverage." Honeycutt v. Walker, 119 N.C.App. 220, 224, 458 S.E.2d 23, 26, disc. review denied, 342 N.C. 192, 463 S.E.2d 236 (1995). See also Maryland Casualty Co. v. Smith, 117 N.C.App. 593, 597, 452 S.E.2d 318, 320, disc. review denied, 340 N.C. 114, 456 S.E.2d 316 (1995) (determining that the 1991 amendments regarding UIM coverage allowed only interpolicy stacking).
Even so, the amended statute retained the fleet policy exception:
In any event, the limit of underinsured motorist coverage applicable to any claim is determined to be the difference between the amount paid to the claimant under the exhausted liability policy or policies and the limit of underinsured motorist coverage applicable to the motor vehicle involved in the accident. Furthermore, if a claimant is an insured under the underinsured motorist coverage on separate or additional policies, the limit of underinsured motorist coverage applicable to the claimant is the difference between the amount paid to the claimant under the exhausted liability policy or policies and the total limits of the claimant's underinsured motorist coverages as determined by combining the highest limit available under each policy; provided that this sentence shall apply only to insurance on nonfleet private passenger motor vehicles as described in G.S. 58-40-15(9) and (10). The underinsured motorist limits applicable to any one motor vehicle under a policy shall not be combined with or added to the limits applicable to any other motor vehicle under that policy.
G.S. § 20-279.21(b)(4) (emphasis added).
If, as the Sutton Court reasoned, the purpose of the fleet policy exception in the pre-1991 statute was to prevent intrapolicy stacking of fleet policies, the prohibition of intrapolicy stacking altogether in the statute as amended in 1991 would eliminate the need for the fleet policy exception. Nonetheless, the exception remains. Thus, applying the reasoning of Sutton and reading the plain language of the statute as amended, we conclude that interpolicy stacking is available only when the coverage is nonfleet and the vehicle covered is of the private passenger type. See Nationwide Mut. Ins. Co. v. Mabe, 342 N.C. 482, 497-501, 467 S.E.2d 34, 43-45 (1996); Aetna Casualty and Surety Co. v. Fields, 105 N.C.App. 563, 567, 414 S.E.2d 69, 71, disc. review denied, 331 N.C. 383, 417 S.E.2d 788 (1992). Although there is no dispute that the BAP covered a nonfleet vehicle, defendants concede that the vehicle was not of the private passenger type, and therefore interpolicy stacking is unavailable.
Defendants argue alternatively that the proviso regarding stacking is limited to the one sentence in the statute addressing private passenger motor vehicles, and therefore that sentence is inapplicable in this case. Defendants ask us to excise that sentence and read the statute to "assume that when the sentence does not apply, the credit for liability insurance coverage paid may be applied *587 against the UIM limit in each policy to arrive at the total amount of the applicable UIM coverage." We are not persuaded that the legislature intended this conclusion, and we agree with the trial court that defendants' BAP cannot be stacked or otherwise applied to provide UIM coverage in this case.
In its cross-appeal, plaintiff argues that the trial court erred by ruling that the family-owned vehicle exclusion in a policy insuring a vehicle not involved in the accident is void as against public policy pursuant to the Motor Vehicle Safety and Financial Responsibility Act. Plaintiff concedes that this Court has ruled against enforcement of the "family member" or "household-owned" exclusion, see Bray v. N.C. Farm Bureau Mut. Ins. Co., 115 N.C.App. 438, 444, 445 S.E.2d 79, 82 (1994), aff'd in relevant part, 341 N.C. 678, 462 S.E.2d 650 (1995); Honeycutt v. Walker, 119 N.C.App. 220, 458 S.E.2d 23, disc. review denied, 342 N.C. 192, 463 S.E.2d 236 (1995), and that if the Supreme Court affirms these decisions, the trial court did not err. Indeed, the Supreme Court recently affirmed this Court's decision in Bray with regard to the family-owned vehicle exclusion issue, holding that the "family member/household-owned vehicle exclusion for UM coverage is repugnant to the purpose of UM and UIM coverage and is therefore invalid." Bray, 341 N.C. at 684, 462 S.E.2d at 653.
Although Bray involved the pre-1991 version of the Financial Responsibility Act, the underlying public policy upon which the Bray Court based its decision was not affected by the 1991 amendments. Moreover, the Supreme Court denied discretionary review in Honeycutt, a case addressing the post-1991 version of the statute, in which this Court rejected the family-owned vehicle exclusion with regard to UIM coverage. Honeycutt, 119 N.C.App. at 223, 458 S.E.2d at 25.
Finally, although the Bray Court addressed only UM coverage, the Supreme Court recently applied the same reasoning to UIM coverage and found that the owned vehicle exclusion in UIM coverage is likewise against the public policy of the Financial Responsibility Act. See Mabe, 342 N.C. at 493, 467 S.E.2d at 41. Accordingly, the law on family-owned vehicle exclusions is clear, and plaintiff's argument is unpersuasive.
Affirmed.
JOHNSON and EAGLES, JJ., concur.