GRAIN DEALERS MUTUAL INSURANCE COMPANY v. THELMA ARNOLD LONG

No. 516PA91

(Filed 1 October 1992)

Insurance § 528 (NCI4th) — wife of owner-insured — injury in own car — separate policy without UIM coverage — UIM coverage under husband's policy

The wife of the owner-insured of an automobile policy is entitled as a Class I insured to underinsured motorist (UIM) coverage under the husband's policy when the wife was injured while riding in another car owned by her and insured by another carrier under a separate policy not containing UIM coverage.

Am Jur 2d, Automobile Insurance § 322.

Justice MEYER dissenting.

ON discretionary review pursuant to N.C.G.S. § 7A-31 of an unpublished opinion of the Court of Appeals, 104 N.C. App. 310, 409 S.E.2d 765 (1992), affirming the judgment entered by *Allen*

GRAIN DEALERS MUTUAL INS. CO. v. LONG

[332 N.C. 477 (1992)]

*(W. Steven), J.,* on 2 October 1990 in Superior Court, GUILFORD County. Heard in the Supreme Court 9 September 1992.

*Valentine, Adams, Lamar, Etheridge & Sykes, by Raymond M. Sykes, Jr.,* for defendant appellee.

*Nichols, Caffrey, Hill, Evans & Murrelle, by Paul D. Coates and ToNola D. Brown,* for plaintiff appellant.

WHICHARD, Justice.

The sole issue is whether the Court of Appeals erred in holding that the wife of the owner-insured of a policy issued by plaintiff is entitled as a Class I insured to underinsured motorist (UIM) coverage, when the wife was injured while riding in another car owned by her and insured by another carrier under a separate policy not containing UIM coverage.

Plaintiff issued a policy containing UIM coverage to John Long, defendant's husband. The policy listed one 1986 Ford pickup truck as the only automobile on the policy. On 20 February 1988, defendant was a passenger in the 1978 Cadillac owned by her and driven by Tony Prigden Radford with her permission, when the Cadillac was hit by an auto driven by James David Parker, which had minimum limits coverage. The Cadillac was insured by an Allstate Insurance Company policy that did not contain UIM coverage. Defendant filed suit against Parker for damages and against plaintiff for UIM benefits under her husband's policy. Defendant alleges that her damages exceed the $25,000 tendered by Parker's insurance company, Interstate Casualty Insurance Company.

Under the husband's policy issued by plaintiff, UIM coverage is available to a Class I "insured" person, which is defined as "1. You or any family member." "Family member" is defined as "a person related to you by blood, marriage or adoption who is a resident of your household." Under this definition, defendant is a Class I insured person. The Declarations page of plaintiff's policy also explicitly lists defendant as an insured by reference to her birth date and the indication "MF"—married female—under the section "DRIVERS."

These facts differ in only one pertinent respect from the facts in the Court's recent opinion in *Bass v. N.C. Farm Bureau Mut. Ins. Co.,* 332 N.C. 109, 418 S.E.2d 221 (1992). In that case, the injured insured was an owner-insured, while defendant is the

WEST AMERICAN INSURANCE CO. v. TUFCO FLOORING EAST

[332 N.C. 479 (1992)]

wife of an owner-insured. In both cases, however, the injured parties are Class I insured persons. As a result, we hold that the reasoning of *Bass*, 332 N.C. at 112, 418 S.E.2d at 223, and *Smith v. Nationwide Mutual Ins. Co.*, 328 N.C. 139, 150, 400 S.E.2d 44, 51, *reh'g denied*, 328 N.C. 577, 403 S.E.2d 514 (1991) controls this case. For the reasons stated in those cases, the decision of the Court of Appeals is affirmed.

Affirmed.

Justice MEYER dissenting.

I respectfully dissent for the reasons stated in my dissenting opinions in *Bass v. N.C. Farm Bureau Mut. Ins. Co.*, 332 N.C. 109, 113, 418 S.E.2d 221, 223 (1992), and *Smith v. Nationwide Mutual Ins. Co.*, 328 N.C. 139, 153, 400 S.E.2d 44, 53, *reh'g denied*, 328 N.C. 577, 403 S.E.2d 514 (1991).