MARCELLA H. DUNGEE, ADMINISTRATRIX OF THE ESTATE OF KENNETH DUNGEE AND MARCELLA DUNGEE, PLAINTIFFS v. NATIONWIDE MUTUAL INSURANCE COMPANY, LEVERN ALLEN, JR., LEVERN ALLEN, III, STATE FARM MUTUAL INSURANCE COMPANY, WALTER BANNERMAN, DARIUS BANNERMAN, AND KENNETH NEWKIRK, DEFENDANTS

No. 9118SC581

(Filed 8 January 1993)

1. **Insurance § 514 (NCI4th)— uninsured motorist coverage— intrapolicy stacking—prohibited by policy**

   Claimants could not stack uninsured motorist coverage arising from a hit and run accident where the policy language prohibiting intrapolicy stacking of UM coverage was clear and capable of only one interpretation. If the insurance policy clearly doesn't allow stacking, then the courts must enforce the contract as written.

   **Am Jur 2d, Automobile Insurance § 326.**

   **Combining or "stacking" uninsured motorist coverages provided in separate policies issued by the same insurer to different insureds. 23 ALR4th 108.**

2. **Insurance § 514 (NCI4th)— uninsured motorist coverage—two policies with UM coverage**

   Plaintiffs were entitled to $50,000 in UM benefits, this amount representing the aggregate minimum statutorily required amount of UM coverage, where Kenneth Dungee was killed when a car driven by Levern Allen III and owned by his father was struck by a hit and run driver; the Allen policy with Nationwide provided UM coverage of $50,000 per person and $100,000 per accident; the Dungee policy with Nationwide

DUNGEE v. NATIONWIDE MUTUAL INSURANCE CO.

[108 N.C. App. 599 (1993)]

provided UM coverage of $25,000 per person with a limit of $50,000 per accident; and the Dungee policy contained a reduction clause and an other insurance clause. If plaintiffs Dungee receive less than $50,000 under the Allen policy, then the reduction clause in the Dungee policy takes effect and plaintiffs Dungee can then obtain that amount from the Dungee policy necessary for them to receive a total of $50,000 in UM benefits.

**Am Jur 2d, Automobile Insurance § 326.**

**Combining or "stacking" uninsured motorist coverages provided in separate policies issued by the same insurer to different insureds. 23 ALR4th 108.**

Appeal by defendant from judgment entered 20 February 1991 by Judge Joseph R. John, Sr. in Guilford County Superior Court. Heard in the Court of Appeals 9 April 1992.

This is an action brought to determine rights under two automobile insurance policies issued by defendant Nationwide Mutual Insurance Company (Nationwide). The pertinent facts are not in dispute.

On 23 December 1988, Levern Allen, III was driving his father's (Levern Allen, Jr.) automobile on Interstate 40 near Durham, North Carolina, when Kenneth Dungee, Darius Bannerman and Kenneth Newkirk were passengers. A "hit and run" driver, whose identity remains unknown, struck the Allen automobile and forced it off the road. All parties agree that a "hit and run" driver is classified as an uninsured motorist. As a result of this accident, Kenneth Dungee died, Levern Allen, III lost a leg and both Bannerman and Newkirk suffered bodily injuries. The parties have stipulated that the damages suffered by Levern Allen, III, Bannerman, Dungee and Newkirk total more than $100,000 and the damages suffered by the plaintiffs (Dungee) are in excess of $75,000.

At the time of the accident, Levern Allen, III resided in his father's household. Nationwide insured the Allen automobile involved in the accident under a policy issued to Levern Allen, Jr. (Allen Policy). The Allen policy covered three motor vehicles and provided uninsured motorist (UM) coverage in the amount of $50,000 per person with a limit of $100,000 per accident. A separate premium was paid for each Allen vehicle's UM coverage. Also in effect was a Nationwide personal automobile insurance policy issued to Marcella

DUNGEE v. NATIONWIDE MUTUAL INSURANCE CO.

[108 N.C. App. 599 (1993)]

H. Dungee (Dungee policy), the mother of the deceased Kenneth Dungee. The Dungee policy covered only one vehicle and provided UM coverage in the amount of $25,000 per person with a limit of $50,000 per accident. Prior to his death, Kenneth Dungee was a resident of his mother's household.

After receiving notice of the 23 December 1988 accident, Nationwide offered to pay $100,000 pursuant to the UM clause in the Allen policy. This amount was to be divided among the three injured youths and the Dungee estate. However, Nationwide refused to pay any amount to Marcella Dungee pursuant to her own Nationwide policy. Plaintiffs Dungee thereafter filed the present suit, naming Nationwide and all other claimants as defendants. Plaintiffs Dungee alleged that Nationwide was liable in the amount of $25,000 pursuant to the Dungee policy, and liable in the additional amount of $150,000 pursuant to the Allen policy. Plaintiffs Dungee also joined State Farm Mutual Insurance Company (State Farm) as a defendant, alleging that State Farm provided UM coverage for Darius Bannerman and Kenneth Newkirk under a policy issued to Walter Bannerman. However, the question of State Farm's liability is not before this Court since State Farm was dismissed from the action and this dismissal has not been appealed.

Defendants Levern Allen, Jr., Levern Allen, III, Walter Bannerman, Darius Bannerman and Kenneth Newkirk answered and cross-claimed against Nationwide. Based upon the fact that the Allen policy provided UM coverage on three automobiles, these claimants demand total UM benefits under the Allen policy in the amount of $150,000 per person with a limit of $300,000 per accident.

On 20 February 1991, the trial court entered partial summary judgment against Nationwide and ordered that plaintiffs Dungee are entitled to receive $25,000 per person in UM benefits under the Dungee policy. Further, Nationwide was liable collectively up to the amount of $150,000 per person and $300,000 total UM benefits under the Allen policy. Defendant Nationwide appeals this order.

*Stern, Graham & Klepfer, by Donald T. Bogan, for plaintiff appellees.*

*Cheryl D. Jackson for defendants and cross-plaintiff appellees Walter Bannerman, Darius Bannerman and Kenneth Newkirk.*

*David M. Dansby, Jr. for defendants and cross-plaintiff appellees Levern Allen, Jr. and Levern Allen, III.*

*Paul D. Coates and ToNola D. Brown for defendant appellant.*

WALKER, Judge.

The first question to be decided is whether all the claimants are entitled to aggregate or "stack" the UM coverage limits on each of the three vehicles insured under the Allen policy.

I.

[1] Defendant Nationwide contends the claimants are not entitled to stack the UM coverage limits under the Allen policy since (1) G.S. § 20-279.21 does not mandate UM stacking and (2) the language of the Allen policy does not allow stacking. According to defendant, the claimants are only entitled to UM coverage in the amount of $50,000 per person with a limit of $100,000 per accident, these amounts representing the amount of coverage on the Allen vehicle involved in the accident. We find merit in defendant's contentions.

Our Supreme Court has recently held that North Carolina law does not mandate intrapolicy stacking of UM insurance. *Lanning v. Allstate Insurance Co.*, 332 N.C. 309, 420 S.E.2d 180 (1992). According to the Court, while G.S. § 20-279.21 of the Motor Vehicle Safety and Financial Responsibility Act requires stacking of underinsured motorist (UIM) coverage, there is no corresponding statutory provision applicable to UM coverage. However, despite the fact that "the Act does not require intrapolicy stacking of UM coverages, neither does it prohibit such stacking." *Id.* at 316, 420 S.E.2d at 185.

Under *Lanning*, the claimants in the present case can stack the UM coverages in the Allen policy if its provisions allow stacking. When the meaning of a particular policy provision is uncertain or capable of several reasonable interpretations, the doubts will be resolved against the insurance company and in favor of the policyholder. *Woods v. Nationwide Insurance Co.*, 295 N.C. 500, 246 S.E.2d 773 (1978). Therefore, "[w]hen policies . . . contain language that may be interpreted to allow stacking of UM coverages on more than one vehicle in a single policy, insureds are contractually entitled to stack." *Lanning* at 316, 420 S.E.2d at 185. However, if the insurance policy clearly does not allow stacking, then the courts must enforce the contract as written. *Lanning v. Allstate, supra.* In the case *sub judice,* the Allen policy provides:

The limit of bodily injury liability shown in the Declarations for "each person" for Uninsured Motorists Coverage is our maximum limit of liability for all damages for bodily injury sustained by any one person in any one auto accident. Subject to this limit for "each person", the limit of bodily injury liability shown in the Declarations for "each accident" for Uninsured Motorists Coverage is our maximum limit of liability for all damages for bodily injury resulting from any one accident. . . . This is the most we will pay for bodily injury . . . regardless of the number of:

1. **Covered persons;**

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the accident.

We believe that this language is clear and capable of only one interpretation: that intrapolicy stacking of the UM insurance in the Allen policy is prohibited. Our decision finds support in the recent *Lanning* decision. In that case, the Supreme Court considered language in an Allstate policy virtually identical to the language in the present Nationwide policy and the Court there held the policy prohibited intrapolicy UM stacking. Therefore, we find the claimants cannot stack the UM coverage in the Allen policy and the maximum UM coverage available under that policy is $50,000 per person with a limit of $100,000 per accident.

## II.

[2]   We now address the second issue of this appeal which is whether any amount payable under the Dungee UM policy is to be reduced by the amount paid pursuant to the Allen policy.

It is agreed that Kenneth Dungee was an "insured" for purposes of UM coverage under the Allen policy. Also, plaintiffs Dungee are one of four claimants to the $100,000 per accident coverage under the Allen policy.

Nationwide contends that its total liability to plaintiffs Dungee cannot exceed $50,000, an amount representing the aggregate statutorily required coverage under both the Allen and Dungee policies. According to Nationwide, any amount over $50,000 is subject to the terms of the insurance policy. Nationwide bases its

argument on two clauses in the Dungee policy. The first clause, known as a "reduction clause," provides:

Any amount otherwise payable for damages under this coverage shall be reduced by all sums:

1. Paid because of the bodily injury or property damage by or on behalf of persons or organizations who may be legally responsible.

The second clause, known as an "other insurance clause" provides:

If this policy and any other auto insurance policy issued to you apply to the same accident, the maximum limit of liability for your injuries under all the policies shall not exceed the highest applicable limit of liability under any one policy.

This Court has recently addressed the application of two separate policies with UM coverage. In *Government Employees Insurance Company v. Herdon*, 79 N.C.App. 365, 339 S.E.2d 472 (1986) it was held that an insured could not stack the UM coverages in two policies. There, defendant's testate (Maria Gunther) died in an accident when an uninsured driver struck the car in which she was a passenger. On the date of the accident, Maria Gunther was an insured under two Government Employees Insurance Company (GEICO) policies. Each of these policies provided UM coverage in the amount of $100,000 per person and $100,000 per accident and contained the following language:

OTHER INSURANCE

If this policy and any other auto insurance policy issued to you apply to the same accident, the maximum limit of liability for your injuries under all the policies shall not exceed the highest applicable limit of liability under any one policy.

Pursuant to this language, GEICO refused to pay more than $100,000.

In resolving the controversy, this Court noted the general rule that when a policy's terms are contrary to the minimum UM coverage required by statute, the statute controls. However, if the UM coverage in the policy exceeds the mandatory minimum amount, the additional coverage is voluntary and governed by the terms of the insurance contract. Based upon these principles, this Court found GEICO only liable for $100,000. "Since the highest limit of liability under either of the policies [$100,000] exceeds the

aggregate amount of statutorily required uninsured motorist coverage provided by both policies [$50,000], neither the Financial Responsibility Act nor the holding in *Moore* applies." *GEICO* at 368, 339 S.E.2d at 474.

The Court in *GEICO* referred to the earlier Supreme Court decision in *Moore v. Hartford Fire Insurance Co.*, 270 N.C. 532, 155 S.E.2d 128 (1967). In *Moore*, UM coverage was provided under two policies; one covering the vehicle in which plaintiff was a passenger and the other covering a vehicle owned by plaintiff's husband. Both policies provided coverage in the statutory minimum amount. The Court found plaintiff was not limited to recovery under one policy where plaintiff's loss *was greater than the combined minimum statutory limits of the two policies.*

We find the rule in *GEICO* applicable here. Since there are two policies in effect, plaintiffs Dungee are entitled to $50,000 in UM benefits, this amount representing the *aggregate* minimum statutorily required amount of UM coverage. However, once plaintiffs receive this amount, any additional benefits are subject to the terms of the policies. As applied to the present case, if plaintiffs Dungee receive less than $50,000 under the Allen policy, then the reduction clause in the Dungee policy takes effect and plaintiffs Dungee can then obtain that amount from the Dungee policy necessary for them to receive a total of $50,000 in UM benefits.

Reversed and remanded.

Judges LEWIS and WYNN concur.