BOBBY THOMAS MITCHELL v. NATIONWIDE MUTUAL INSURANCE
COMPANY

No. 226A93

(Filed 28 January 1994)

1. **Insurance § 528 (NCI4th) — underinsured motorist coverage — stacking under mother's policy**

The trial court correctly held, and the Court of Appeals properly affirmed, that a plaintiff who was injured in a motor vehicle accident was entitled to have his rights to underinsured motorist coverage determined under his mother's policy where the only distinction between this case and *Harrington v. Stevens*, 334 N.C. 586, is that plaintiff in this case was an insured of the second class as to the policy of the person who owned and operated the automobile in which he was riding, while the injured party in *Harrington* was an insured of the first class on all policies. However, there is nothing in N.C.G.S. § 20-279.21 which indicates that if a person is otherwise covered as a first class insured he loses this coverage if he is covered as a second class insured on another policy.

**Am Jur 2d, Automobile Insurance § 322.**

2. **Insurance § 530 (NCI4th) — underinsured motorist coverage — stacking — reduction clause — not effective**

A reduction clause in an automobile insurance policy was not available to reduce the amount of stacked underinsured coverage.

**Am Jur 2d, Automobile Insurance § 322.**

3. **Insurance § 528 (NCI4th) — underinsured motorist coverage — extent of coverage**

Defendant insurance company was liable to plaintiff for $50,000 where plaintiff was injured while a passenger in a vehicle owned and operated by Stewart, the accident was caused by the negligence of Lopez, the vehicle operated by Lopez had liability coverage of $25,000, the vehicle operated by Stewart had $50,000 in underinsured motorist coverage, a policy issued to plaintiff's mother, with whom he lived, provided an additional $50,000 in underinsured coverage, the policies of Stewart and plaintiff's mother were issued by defendant,

MITCHELL v. NATIONWIDE MUT. INS. CO.

[335 N.C. 433 (1994)]

plaintiff's medical expenses were in excess of $90,000, Lopez's liability carrier paid $25,000, and defendant paid plaintiff $25,000 on the Stewart policy but refused to pay anything on the policy of plaintiff's mother. Although defendant contends it owes nothing since clear language in the mother's policy provides that it shall pay only a sum by which its coverage exceeds payments under applicable policies, $50,000 had been paid, and the limit of its liability on plaintiff's mother's policy was $50,000, this policy provision is contradicted by N.C.G.S. § 20-279.21(b)(4). That statutory definition is a part of the policy of plaintiff's mother and overrides any contrary terms of the policy.

**Am Jur 2d, Automobile Insurance § 322.**

Justice MEYER dissenting.

On appeal by the defendant pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 110 N.C. App. 16, 429 S.E.2d 351 (1993), affirming a judgment entered by Brooks, J., on 5 November 1991, in Superior Court, Wake County. On 1 July 1993, this Court allowed Nationwide's petition for discretionary review as to an additional issue. Heard in the Supreme Court 16 November 1993.

This is an action pursuant to N.C.G.S. § 1-253 for a declaratory judgment. The cause was heard in superior court on stipulated facts. The facts upon which the parties agreed were that plaintiff was injured in an accident while riding in a vehicle owned and operated by Ronnie Stewart. The accident was caused by the negligence of James Lopez. The vehicle operated by Lopez, the tortfeasor, had liability coverage of $25,000. The vehicle owned by Stewart had $50,000 in underinsured motorist coverage. A policy issued to plaintiff's mother, Peggy Wiggs Baker, with whom he lived, provided an additional $50,000 in underinsured motorist coverage. The policies of Stewart and the plaintiff's mother were issued by the defendant. The plaintiff's medical expenses were in excess of $90,000.

The tortfeasor's liability carrier paid the plaintiff $25,000. The defendant paid the plaintiff $25,000 on the Stewart policy but refused to pay anything on the policy of the plaintiff's mother.

## MITCHELL v. NATIONWIDE MUT. INS. CO.

[335 N.C. 433 (1994)]

The plaintiff brought this action to have his rights determined under his mother's policy. The superior court entered judgment for the plaintiff, holding that the defendant was liable to him for $50,000. The Court of Appeals affirmed with a dissent.

The defendant appealed to this Court.

*Farris and Farris, P.A., by Robert A. Farris, Jr. and Thomas J. Farris, for plaintiff-appellee.*

*LeBoeuf, Lamb, Leiby & MacRae, by Peter M. Foley and Stephanie Hutchins Autry, for defendant-appellant.*

WEBB, Justice.

This case brings to the Court yet another stacking case. We hold that pursuant to *Harrington v. Stevens*, 334 N.C. 586, 434 S.E.2d 212 (1993), we are bound to affirm the Court of Appeals.

[1] In *Harrington*, we held that N.C.G.S. § 20-279.21(b)(3) and N.C.G.S. § 20-279.21(b)(4), as they were in effect for that case and for this case, required that a person living in the household with relatives be allowed to aggregate or stack, both interpolicy and intrapolicy, the underinsured motorist coverages of the relatives and to collect on those stacked coverages. Under this holding, the defendant is liable to the plaintiff on his mother's policy.

The only distinction between this case and *Harrington* is that as to the Stewart policy, the plaintiff was an insured of the second class. The injured party in *Harrington* was an insured of the first class on all policies. We hold this is a distinction without a difference. There is nothing in N.C.G.S. § 20-279.21 which indicates that if a person is otherwise covered as a first class insured he loses this coverage if he is covered as a second class insured on another policy. *See Crowder v. N.C. Farm Bureau Mut. Ins. Co.,* 79 N.C. App. 551, 340 S.E.2d 127 (1986).

[2] The defendant also argues that it is not liable for any further payment to plaintiff because of the following provision in the policy of the plaintiff's mother.

Any amounts otherwise payable for damages under this coverage shall be reduced by all sums:

1. Paid because of the bodily injury or **property damage** by or on behalf of persons or organizations who may be legally responsible. . . .

The defendant says it is entitled to deduct, under the policy of defendant's mother, $25,000 which was paid on the tortfeasor's policy and $25,000 which was paid on the underinsured motorist coverage under the Stewart policy. It says this is so because both these payments were made "on behalf of persons or organizations who" were legally responsible for the payments. We reject this argument for the reason stated in *Harrington*, 334 N.C. at 592, 434 S.E.2d at 214.

[3] The defendant argues further that it is not liable for any payment to the plaintiff because of a provision in the policy of the plaintiff's mother which reads as follows:

The most we will pay under this coverage is the lesser of the amount by which the:

a. limit of liability for this coverage; or

b. damages sustained by the **covered person** for bodily injury;

exceeds the amount paid under all bodily injury liability bonds and insurance policies applicable to the **covered person's** bodily injury.

The defendant contends this clear language of the policy provides that it shall pay only a sum by which its coverage exceeds payments under the Lopez and Stewart policies. The defendant argues that a total of $50,000 was paid by the Lopez and Stewart policies and the limit of its liability on the policy of the plaintiff's mother was $50,000. Its liability does not exceed the amount paid on the other two policies, says the defendant, and for this reason it does not owe anything to the plaintiff under the terms of the policy.

If the defendant is right in this argument, this policy provision is contradicted by N.C.G.S. § 20-279.21(b)(4) which provided that underinsured motorist coverage "is determined to be the difference between the amount paid to the claimant pursuant to the exhausted liability policy and the total limits of the owner's underinsured motorist coverages provided in the owner's policies of insurance[.]" N.C.G.S. § 20-279.21(b)(4) (1985). This definition is a part of the policy of the plaintiff's mother and it overrides any contrary terms of the policy. *Insurance Co. v. Chantos*, 293 N.C. 431, 238 S.E.2d 597 (1977). The defendant is liable to the plaintiff for $50,000 under this definition.

For the reasons stated in this opinion, we affirm the Court of Appeals.

AFFIRMED.

Justice MEYER dissenting.

I dissent from the majority's decision to allow the stacking of coverages under the facts of this case for the same reasons I expressed in my dissents in *Harrington v. Stevens*, 334 N.C. 586, 593, 434 S.E.2d 212, 215 (1993), and *Harris v. Nationwide Mut. Ins. Co.*, 332 N.C. 184, 195, 420 S.E.2d 124, 131 (1992).