**GUIDANT SPECIALTY MUTUAL INSURANCE COMPANY,**
Plaintiff,

v.

**William W. DUNCAN and Charlene Duncan and Gary S. Overley,**
Defendants.

No. Civ.A. 98–4182–DES.

United States District Court,
D. Kansas.

Sept. 8, 1999.

---

Keith A. Cary, John L Mullen, Franke & Schultz, P.C., Kansas City, MO, for plaintiff.

Arthur E. Palmer, Goodell, Stratton, Edmonds & Palmer, Topeka, KS, Lowell F. Hahn, Hahn & Hahn Lawyers, P.A., Phillipsburg, KS, for defendants.

### MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on plaintiff's Motion for Summary Judgment (Doc. 8). The defendants filed a cross-Motion for Summary Judgment (Doc. 11). The court has reviewed the parties' motions and supporting memoranda and is ready to rule.

## I. INTRODUCTION

The facts of the case are undisputed. On October 20, 1996, the vehicles driven by Gary Overley and William Duncan collided. Charlene Duncan was a passenger in William Duncan's vehicle. Gary Overley was driving a car owned by his father, Gus Overley. Gus Overley's car was insured by Farm Bureau Insurance Company, which has paid the insurance policy limits to William and Charlene Duncan.

At the time of the accident, Gary Overley owned two vehicles. Both vehicles were covered by liability insurance policies issued by Midwest Mutual Insurance Company, the predecessor of the plaintiff. Each policy limited liability coverage to $50,000 for each person or $100,000 for each accident. The plaintiff has paid $100,000 to William and Charlene Duncan on one of Gary Overley's policies. The parties dispute whether plaintiff is liable for an additional $100,000 under the second insurance policy.

The plaintiff brought a declaratory judgment action to determine the rights of the parties. The defendants argue the insurance policies fail to exclude stacking of liability coverage, as permitted by K.S.A. 40–3107(i)(5). The plaintiff argues the language of the policies specifically excludes stacking. The parties entered an agreement in which the plaintiff agreed to pay the defendants the policy limit of $100,000 if the defendants prevail.

## II. SUMMARY JUDGMENT STANDARD

A court shall render summary judgment upon a showing that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The substantive law identifies which facts are material.

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A dispute over a material fact is genuine when the evidence is such that a reasonable jury could find for the nonmovant. *Id.* "Only disputes over facts that might properly affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.*

Summary judgment is proper if "there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Rule 56(c) requires the court to enter summary judgment against a nonmovant who fails to make a showing sufficient to establish the existence of an essential element to that party's case. *Id.* at 322, 106 S.Ct. 2548. Such a complete failure of proof on an essential element of the nonmovant's case renders all other facts immaterial. *Id.* at 323, 106 S.Ct. 2548.

A court must view the facts in the light most favorable to the nonmovant and allow the nonmovant the benefit of all reasonable inferences to be drawn from the evidence. *See, e.g., United States v. O'Block,* 788 F.2d 1433, 1435 (10th Cir. 1986). The court's function is to determine whether there is sufficient evidence favoring the nonmovant for a finder of fact to return a verdict in that party's favor. *Anderson,* 477 U.S. at 249, 106 S.Ct. 2505. Essentially, the court performs the threshold inquiry of determining whether a trial is necessary. *Id.* at 250, 106 S.Ct. 2505. Summary judgment is an important procedure designed "to secure the just, speedy and inexpensive determination of every action." *Celotex,* 477 U.S. at 327, 106 S.Ct. 2548.

## III. DISCUSSION

■ The sole issue before this court is whether the defendants may "stack" Mr. Overley's two insurance policies. Stacking is "the right to recover on two or more policies in an amount not to exceed the total of the limits of liability of all policies up to the full amount of the damages sustained." *Van Hoozer v. Farmers Insurance Exchange,* 219 Kan. 595, 549 P.2d 1354, 1364–65 (1976). Under K.S.A. § 40–3107, motor vehicle liability insurers may elect to exclude coverage in certain circumstances, one of which is stacking. Kan.Stat.Ann. § 40–3107(i)(5) (1993). The statute reads: "if two or more vehicle liability policies apply to the same accident, the total limits of liability under all such policies shall not exceed that of the policy with the highest limit of liability." *Id.* However, the statute is permissive not automatic.

■ To benefit from the statute, the insurer must include a provision in the policy excluding stacking from the policy's coverage. The provision must be clear and unambiguous. *Catholic Diocese of Dodge City v. Raymer,* 251 Kan. 689, 693, 840 P.2d 456 (1992). If the provisions are "ambiguous or uncertain, conflicting, or susceptible of more than one construction, the construction most favorable to the insured must prevail." *Id.* The plaintiff claims Mr. Overley's policies contain a clear provision excluding stacking. The provision in question states:

The limit of liability shown in the Declarations for each person for Bodily Injury Liability is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of "bodily injury" sustained by any one person in any one auto accident. Subject to this limit for each person, the limit of liability shown in the Declarations for each accident for Bodily Injury Liability is our maximum limit of liability for all damages for "bodily injury" resulting from any one auto accident . . . This is the most we will pay regardless of the number of: (1) "Insureds"; (2) Claims made; (3) Vehicles or premiums shown in the Declarations; or (4) Vehicles involved in the auto accident.

This is a "standard anti-stacking provision." *Stevenson v. Anthem Casualty Insurance Group,* 1999 WL 401902, —— P.2d —— (Ky.1999) (referring to identical lan-

guage in an Anthem policy). *See Dungee v. Nationwide Mutual Insurance Co.,* 108 N.C.App. 599, 424 S.E.2d 234, 236–37 (1993) (holding an identical provision excluded intra-policy stacking).

This court's focus is on the second sentence of the provision which states: "the limit of liability shown in the Declarations for each accident ... is our maximum limit of liability for all damages ... resulting **from any one auto accident."** (Emphasis added.) The language of this provision clearly excludes stacking in the present situation where the injuries suffered by William and Charlene Duncan were the result of a single collision. Under the policy, the plaintiff will pay out the limit of liability one time, in this case $100,000, for any one auto accident. This is the insurance companies maximum liability arising out of a single accident regardless of the number of vehicles or the number of policies. The plaintiff's anti-stacking provision is valid and applies to the facts of this case.

## IV. CONCLUSION

Because the insurance policies contain an anti-stacking provision, the plaintiff does not have to pay the defendants under the second insurance policy. There are no issues of fact, and the plaintiff is entitled to judgment as a matter of law. Therefore, plaintiff's Motion for Summary Judgment is granted.

**IT IS THEREFORE BY THE COURT ORDERED** that the plaintiff's Motion for Summary Judgment (Doc. 8) is granted. Defendant's cross-Motion for Summary Judgment (Doc. 11) is denied.

### JUDGMENT

**DECISION BY THE COURT.** This action came before the Court. The issues have been considered and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED** that the plaintiff's motion for summary judgment is granted. Defendant's cross-motion for summary judgment is denied.