**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 5 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GUIDANT SPECIALTY MUTUAL
INSURANCE COMPANY,

    Plaintiff-Counter-Defendant-
    Appellee,

v.

GARY S. OVERLEY,

    Defendant,

and

WILLIAM W. DUNCAN;
CHARLENE DUNCAN,

    Defendants-Counter-Claimants-
    Appellants.

No. 99-3317

(D.C. No. 98-CV-4182)
(D. Kan.)

---

**ORDER AND JUDGMENT** *

---

Before **BRORBY, POLITZ,** ** and **BRISCOE** , Circuit Judges.

---

    * This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

    ** The Honorable Henry A. Politz, United States Court of Appeals for the Fifth Circuit, sitting by designation.

William and Charlene Duncan appeal the district court's entry of summary judgment in favor of Guidant Specialty Mutual Insurance Company (Guidant). This court has jurisdiction under 28 U.S.C. § 1291. [1] We affirm.

I.

On October 20, 1996, the Duncans' vehicle collided with a vehicle owned by Gus Overley and driven by his son, Gary Overley. [2] Gary Overley owned two vehicles and both were covered by liability insurance policies issued by Midwest Mutual Insurance Company, the predecessor of Guidant. Each policy limited liability coverage to $50,000 for each person or $100,000 for each accident. Guidant paid $100,000 to the Duncans. The Duncans sought payment of an additional $100,000 under the second policy.

Guidant filed a declaratory judgment action, seeking a determination of whether the policies issued to Overley complied with Kan. Stat. Ann. § 40-3107(i)(5) and precluded stacking of insurance coverage. The district court focused on a provision in the insurance policy which stated the "limit of liability

[1] Although the Duncans filed their notice of appeal with this court before the district court had ruled on their counterclaim, the district court has since entered judgment denying that claim. This court has jurisdiction. See Lewis v. B.F. Goodrich Co., 850 F.2d 641, 645 (10th Cir. 1988) (discussing effectiveness of premature notice of appeal).

[2] Gus Overley's vehicle was insured by Farm Bureau Insurance Company and the Duncans were paid the policy liability limits under that policy of insurance.

shown in the Declarations for each accident . . . is our maximum limit of liability for all damages . . . resulting from any one auto accident." Apt. App. at 51; Aple Supp. App. at 11-12. The court concluded that "this provision clearly excludes stacking in the present situation where the injuries suffered by William and Charlene Duncan were the result of a single collision." Apt. App. at 51.

## II.

We review the grant of summary judgment de novo, applying the same legal standard used by the district court pursuant to Fed. R. Civ. P. 56(c). Choate v. Champion Home Builders Co., 222 F.3d 788, 791 (10th Cir. 2000). Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Id. When applying this standard, we examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. Id.

## III.

This court reviews the interpretation of an insurance contract de novo. Federal Ins. Co. v. Tri-State Ins. Co., 157 F.3d 800, 802 (10th Cir. 1998). Federal jurisdiction over this case was based on diversity jurisdiction under 28 U.S.C. § 1332, so the substantive law of Kansas applies. BancOklahoma

Mortgage Corp. v. Capital Title Co. , 194 F.3d 1089, 1103 (10th Cir. 1999) (noting that substantive law of the forum state applies in diversity actions).

The Duncans argue the district court erred in concluding that the Guidant policies prevented stacking. Stacking is "[o]btaining insurance loss payments on duplicate coverages" and "refers to the ability of an insured to recover under two or more endorsements for a single loss suffered by the insured." Bradley v. Aid Ins. Co. , 629 P.2d 720, 727 (Kan. Ct. App. 1981) (citing McNemee v. Farmers Ins. Group , 612 P.2d 645, Syl. ¶ 2 (1980)). Kan. Stat. Ann. § 40-3107(i)(5) allows an insurer to provide that where "two or more vehicle liability policies apply to the same accident, the total limits of liability under all such policies shall not exceed that of the policy with the highest limit of liability." See Eidemiller v. State Farm Mut. Auto. Ins. Co. , 933 P.2d 748, 756 (Kan. 1997).

The provision of the Guidant policy upon which the district court relied provided:

> The limit of liability shown in the Declarations for each person for Bodily Injury Liability is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of "bodily injury" sustained by any one person in any one auto accident. Subject to this limit for each person, the limit of liability shown in the Declarations for each accident for Bodily Injury Liability is our maximum limit of liability for all damages for "bodily injury" resulting from any one auto accident. The limit of liability shown in the Declarations for each accident for Property Damage Liability is our maximum limit of liability for all "property damage" resulting from any one auto accident. This is the most we will pay regardless of the number of:

4

1. "Insureds";
2. Claims made;
3. Vehicles or premiums shown in the Declarations, or
4. Vehicles involved in the auto accident.

Aple. Supp. App. at 11-12. The district court concluded this was a "standard anti-stacking provision." Aplt. App. at 50. In reaching its conclusion, the district court relied on Dungee v. Nationwide Mutual Insurance Company, 424 S.E.2d 234 (N.C. Ct. App. 1993), and Stevenson v. Anthem Casualty Insurance Group, 15 S.W.3d 720 (Ky. 1999). Both Dungee and Stevenson involved prohibitions against intrapolicy stacking, while this case involves the stacking of two separate insurance policies. The language Guidant contends prevents stacking of two policies appears to limit only its liability under that policy, not its total liability under all applicable policies.

It is unnecessary to determine whether the above-quoted provision amounted to an anti-stacking provision. The Guidant policy also provided that: "If this policy and any other auto insurance policy issued to you by us apply to the same accident, the maximum limit of our liability under all the policies shall not exceed the highest applicable limit of liability under any one policy." Aple. Supp. App. at 21. This clearly provides that coverage under the two Guidant policies may not be stacked. Therefore, the district court did not err in granting summary judgment in favor of Guidant. See Schwartz v. Celestial Seasonings, Inc., 124 F.3d 1246, 1255 (10th Cir. 1997) (stating that "[t]his court may affirm

5

the decision of the district court for any reason supported by the record").

AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge