CHRISTINA ANN HORTON, Minor, by her Guardian Ad Litem, Margaret Horton, and MARGARET HORTON, Individually, Plaintiffs-Appellants,
v.
CHRISTY L. NIEBAUER, Executrix of the Estate of Steven M. Niebauer, Deceased, Defendant-Appellee.
No. COA05-110
North Carolina Court of Appeals
Filed February 21, 2006
This case not for publication
Guilford County No. 04 CVS 3371.
Pinto Coates Kyre & Brown, PLLC, by Paul D. Coates; and Dotson and Kirkman, LLP, by John W. Kirkman, Jr., for plaintiffs-appellants.
Douglas E. Wright for unnamed defendant-appellee Erie Insurance Company.
McGEE, Judge.
Christina Horton (plaintiff Horton) was injured in an automobile collision when the vehicle in which she was riding, driven by Ross McSurdy (McSurdy), collided head-on with a vehicle driven by Steven Niebauer (defendant). Plaintiff Horton and her mother, Margaret Horton (collectively plaintiffs), filed suit against defendant's estate to recover for personal injuries suffered by plaintiff Horton and for reimbursement of medical expenses. At the time of the collision, there were three relevant insurance policies in effect: (1) defendant was insured by State Farm Insurance Company (State Farm) with policy limits of $100,000 per person and $300,000 per accident; (2) the vehicle in which plaintiff Horton was a passenger was covered by an underinsured motorist (UIM) coverage policy with Erie Insurance Company (Erie) with policy limits of $100,000 per person and $300,000 per accident; and (3) plaintiff Horton was insured under her mother's Nationwide Mutual Insurance Company (Nationwide) UIM policy with policy limits of $50,000 per person and $100,000 per accident. It is undisputed that the UIM coverage provided by Erie was the primary UIM coverage and that the UIM coverage provided by Nationwide was excess coverage to that provided by Erie.
State Farm tendered its per-accident policy limit of $300,000 to all claimants injured in the collision. State Farm agreed to distribute $70,000 of its $300,000 liability limit to plaintiffs. The remaining amount of State Farm's $300,000 liability limit was paid to four other claimants in varying amounts.
At trial, Erie moved for summary judgment and asked the trial court to dismiss Erie as a party to the action. Erie argued that it was absolved of any UIM obligation to plaintiffs because Erie was entitled to the full offset of State Farm's $300,000 payment of its per-accident liability limit. The trial court granted Erie's motion for summary judgment. The trial court found that Erie was entitled to a full offset of State Farm's per-accident liability limit which in effect absolved Erie of its UIM obligations. The trial court dismissed Erie with prejudice as an unnamed defendant in the case. Plaintiffs appeal.
A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2004). Our Court's standard of review of summary judgment is de novo. Stafford v. County of Bladen, 163 N.C. App. 149, 151, 592 S.E.2d 711, 713 (2004).
UIM insurance is governed by N.C. Gen. Stat. § 20-279.21(b)(4) (2004), which provides in relevant part:
[T]he limit of under insured motorist coverage applicable to any claim is determined to be the difference between the amount paid to the claimant under the exhausted liability policy or policies and the limit of under insured motorist coverage applicable to the motor vehicle involved in the accident.
The issues for our Court to determine in this case are (1) whether the applicable UIM limit under the Erie plan is the per-accident or per-person limit, and (2) what amount of State Farm's payment should be subtracted from the UIM limit. Plaintiffs argue that the applicable UIM limit is the per-person limit of $100,000 and that only the $70,000 State Farm paid to plaintiffs should be offset. As a result, plaintiffs argue that they are entitled to collect $30,000 from Erie. Erie argues that the applicable UIM limit is Erie's per-accident limit of $300,000, and that this$300,000 should be reduced by the total amount State Farm paid out to all claimants ($300,000), rather than the $70,000 that State Farm paid to plaintiffs individually. Erie contends that plaintiffs are not entitled to any recovery from Erie because Erie's UIM coverage has been completely offset by State Farm's payments.

I. Limit of UIM coverage
In N.C. Farm Bureau Mut. Ins. Co. v. Gurley, this Court held that when more than one claimant seeks UIM coverage, and the tortfeasor's liability policy has been exhausted on a per-accident basis, then the applicable UIM limit for determining offset is the UIM policy's per-accident limit. Gurley, 139 N.C. App. 178, 532 S.E.2d 846, disc. review denied, 352 N.C. 675, 545 S.E.2d 427 (2000). Our Court reasoned that "when more than one claimant is seeking UIM coverage, . . . how the liability policy was exhausted will determine the applicable UIM limit." Id. at 181, 532 S.E.2d at 849. The three claimants in Gurley, having been compensated under the tortfeasor's per-accident liability coverage limit, were limited to the difference between the tortfeasor's liability policy's per-accident limit of $500,000 and the UIM per-accident limit of $100,000. In the present case, there are multiple claimants, and the parties stipulated that State Farm's payments to claimants exhausted State Farm's per-accident liability limit. Therefore, under Gurley, the applicable UIM limit is also the per-accident limit of $300,000.
Plaintiffs contend that Gurley does not apply to the facts of this case because the claimants in Gurley were all in the same vehicle and thus all were entitled to make a claim against the same UIM carrier, whereas the claimants in the present case were not all in the same vehicle and thus not all were entitled to make a UIM claim against Erie. However, the holding in Gurley does not require that all claimants be in the same vehicle. The language of Gurley requires only that there be multiple claimants seeking the UIM coverage. Gurley, 139 N.C. App. at 181, 532 S.E.2d at 848 (concluding that "[s]pecifically, . . . the applicable UIM limit under N.C. Gen. Stat. § 20-279.21(b)(4) will depend on two factors: (1) the number of claimants seeking coverage under the UIM policy; and (2) whether the negligent driver's liability policy was exhausted pursuant to a per-person or per-accident cap.").
Plaintiffs further argue that under Aills v. Nationwide Mutual Ins. Co., our analysis should be limited to an examination of the language of the Erie policy. Aills, 88 N.C. App. 595, 363 S.E.2d 880 (1988). However, this Court stated in Gurley that Aills was not determinative of the issue of calculating UIM coverage because Aills "ultimately relie[d] on the language of the UIM policy itself, rather than the UIM statute." Gurley at 181, 532 S.E.2d at 848. Gurley analyzed both the UIM statute and the language of the policy, and we will do likewise.

II. Amount of State Farm payment to be deducted
Plaintiffs argue that the language of Erie's UIM policy mandates a reduction in the amount paid by State Farm to each individual claimant, rather than a reduction in the amount of the total per-accident payments made by State Farm. The policy language of Erie's coverage provides that "[a]ny amount otherwise payable for damages under this [UIM] coverage shall be reduced by all sums paid because of the bodily injury or property damage by or on behalf of the persons or organizations who may be legally responsible." Plaintiffs argue that the reduction for which this clause provides is for payments made to plaintiffs in the amount of $70,000. In support of this argument, plaintiffs cite Harrington v. Stevens, which held that a similar reduction clause provided for a reduction in the amount of "payments made for those legally responsible to the plaintiff." Harrington, 334 N.C. 586, 592, 434 S.E.2d 212, 215 (1993). The issue in Harrington, however, was whether a defendant-carrier's UIM coverage could be reduced by the amount of payments paid by the plaintiff's UIM carrier. The Court in Harrington held the defendant-carrier's UIM coverage could only be reduced by the amount of payments paid by the tortfeasor, not the plaintiff's UIM carrier. Id. This is not the issue in the present case and so we do not find Harrington determinative on this point. We find the language in Erie's policy, that "coverage shall be reduced by all sums paid because of the bodily injury or property damage by or on behalf of the persons or organizations who may be legally responsible," allows for a per-accident comparison and a reduction from the total sum paid to all claimants by State Farm. (emphasis added).
Our Court's decision in Nationwide Mut. Ins. Co. v. Haight, 152 N.C. App. 137, 566 S.E.2d 835 (2002), disc. review denied, 356N.C. 675, 577 S.E.2d 627 (2003), supports this conclusion. In Haight, our Court reiterated the Gurley holding that "when [a] liability policy is exhausted pursuant to the per-accident limit, then the proper calculation of UIM coverage available is obtained by subtracting the per-accident limit of the tortfeasor's liability policy from the per-accident limit of the UIM policy." Id. at 142, 566 S.E.2d at 838 (citing Gurley, 139 N.C. App. at 182, 532 S.E.2d at 849). The decision further held that, in a case such as Gurley, where liability was exhausted pursuant to a per-accident limit, only one calculation need be performed for all claimants combined. Id.
Accordingly, we hold that the trial court did not err in using the per-accident limit of $300,000 as the applicable UIM limit, and was correct in reducing Erie's $300,000 per-accident UIM limit by the total sum of $300,000 paid to all claimants by State Farm. As the trial court's calculation resulted in a complete offset of Erie's liability, the trial court did not err in granting summary judgment for Erie and dismissing Erie as a party from the action.
Affirmed.
Judges WYNN and GEER concur.
Report per Rule 30(e).